THE PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Plaintiffs, *against* JAMES B. COLGATE, Impleaded with James H. Humphrey *et al.*, Defendant.

(Decided June 7th, 1886).

A certificate of the formation of a limited partnership was executed by one only of the general partners, before the special capital was paid in, and two days afterwards the cash was paid, the certificate was executed by the other general partners and the special partner, and the affidavit required by the statute was filed. *Held*, that this was a sufficient compliance with the statute, and that the special partner could not be held liable as a general partner on the ground of the falsity of the certificate at the time of its execution by the first general partner; since the certificate could not be said to be made until all the parties executed it.

EXCEPTIONS taken at the trial of an action in this court, ordered to be heard in the first instance at the General Term.

The action was brought to charge James B. Colgate as general partner with the other defendants in the firm of Humphrey & Co. and the defense was that the copartnership was limited and Colgate a special partner.

It appeared that the certificate required by the statute was dated March 9th, 1874, and on that day was executed and acknowledged at Albany, N. Y., by Theodore F. Humph-

rey one of the general partners; that it was executed by the other general partners and by the special partner on March 11th, 1874, at the City of New York, on which latter date it was filed with the affidavit as required by law. The special partner contributed and paid in his special capital on the last named date. The court directed a verdict for the plaintiff on the ground that the special capital had not been paid in on March 9th, when Theodore F. Humphrey executed the certificate, and directed that defendant's exceptions be heard in the first instance at the General Term.

*Stern & Myers*, for plaintiff.

*Butler, Stillman & Hubbard*, for defendant Colgate.

J. F. DALY, J.—[After stating the facts as above.]—A reasonable construction of the statute of limited partnership requires only that at the time that the certificate is filed and the affidavit is made and filed, the statements contained in the certificate be true. This secures that certainty, and protection against equivocal transactions, which are the objects of the statute (*Durant* v. *Abendroth*, 69 N. Y. 148, 152). In that case it is said that the certificate and affidavit speak as of the day of their date, but that opinion must be considered with reference to the facts of the case, which were: that the certificate and affidavit were dated and filed on the same day, but the special partner had, at that time, only given his check dated eight days afterwards, and there was no actual cash contribution. The court held that the certificate and affidavit intended by the statute were not promissory, but must state what had been done; and that the payment must be actually made in cash when the certificate and affidavit are made and filed.

The facts of this case show a compliance with the statute as thus interpreted. When the certificate was made and filed the actual cash contribution of the special partner had been paid. The certificate can be said to be made when all the parties have executed it and not before. The signing

and acknowledgment by each party are successive facts by which the certificate is made; and until made its truth or falsity is not to be tested by the state of facts existing at the time that any one of the parties signs or acknowledges, nor at any time before all the parties have signed and acknowledged.

As therefore, on the 11th of March, 1874, when three of the parties signed and acknowledged the certificate and it was filed together with the statutory affidavit made on that date, the capital contributed by Mr. Colgate had been actually paid in cash, the certificate was not false in any respect, although the cash had not been paid on the 9th of March, when one of the general partners signed and acknowledged it.

This view is taken in the case of *Ropes* v. *Colgate*, Supreme Court Second Dept., BROWN, J. and in the *Fifth Avenue Bank* v. *Humphrey*, Superior Court N. Y. City, INGRAHAM, J.

The motion for a new trial upon the exceptions should be granted, costs to abide event.

ALLEN, J., concurred.

Exceptions sustained.