Pratt, J.
For about two hours before the accident the deceased was sitting in plain sight of the bathing-place, and but a short distance therefrom. During all that time the water was filled with bathers, and when he entered it great numbers of them surrounded the trapeze; many of them wading. At' that time the water was not more than three and one-half feet deep, and it is mot conceivable that he could be ignorant of its shallowness when he climbed the structure from which he plunged. He must have got that knowledge while making his way to the structure, and he could not fail to see the people who were wading. This act of plunging from a height of 14 or 15 feet into .such shallow water was one of glaring negligence. It was an act that the proprietor could not reasonably anticipate, and therefore was not compelled to ’.guard against. In respondent’s brief it is suggested that some conflict of evidence exists as to whether persons were at the time wading in the water. "We do not find any conflict. Humorous persons testify to the fact, among them the mother of the deceased. We think the negligence of deceased appears conclusively, and that a nonsuit should have been granted. Judgment reversed; new trial granted; costs to abide the event.