Pratt, J.
We do not find that plaintiff was guilty of contributory negligence. He drove slowly, and listened for the train. He was not obliged to stop. Hegligence is claimed on the ground that, having a track open to his vision for 200 feet, he did not see the train till it was within 100 feet of him. At the then rate of speed the train would pass that 100 feet in about three seconds. So the criticism amounts to this: that plaintiff failed to see during three seconds that it was within his range of vision. But his team may well have required some attention, and we cannot say as matter of law that to withdraw his gaze from the track during three seconds was contributory negligence. That question was for the jury, and their verdict must stand.
The court was requested to charge that plaintiff was bound to use ‘.‘extra precaution and vigilance in approaching the crossing. ” The appropriateness of the request is not perceived. He was bound to use due care,—such care as the circumstances and law required,—and we must assume that the jury were charged to that effect. If “extra cam” meant anything more or different from “due care, ” the request was properly refused. Judgment affirmed, with costs. ■
Barnard, P. J., concurs.