MARTHA S. BOND, as Administratrix, etc., Respondent, *v.* EDWARD B. SMITH et al., Appellants.

In an action to recover damages for alleged negligence causing the death of B., plaintiff's intestate, it appeared that defendants, S. & D., were the owners of certain premises in the city of B. occupied by defendant B. as their tenant. There was a store upon the premises, the rear of which was three feet from the line of an alley. Between the store and the alley was an open area eight feet deep. The buildings on each side of the store extended to the alley. The wall of the area adjoining the alley was faced with a stone coping seven inches above the alley and two feet wide, all of which was upon defendants' premises. The alley was closed at one end and was used only by persons having business with the rear of buildings facing thereon, and almost exclusively in the daytime. It had no sidewalks and was always incumbered with barrels, boxes and rubbish. M. was employed as a watchman, his duty being to pass

through the alley hourly during the night and examine the windows and doors of certain buildings abutting thereon. M. was found in the area, where he had fallen during the night, and died from the injuries received. He had been on duty in the alley for thirteen nights previous to the one on which the accident happened; on that night the alley was not lighted. *Held*, that a refusal to nonsuit was error; that the facts did not warrant an inference that the area was a nuisance; and that the evidence was insufficient to show or to justify an inference of the exercise of ordinary care and prudence on the part of decedent.

*Bond* v. *Smith* (44 Hun, 219) reversed.

(Argued March 25, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 19, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged negligence on the part of defendants, causing the death of Martin W. Bond, plaintiff's intestate.

The material facts are stated in the opinion.

*George Wadsworth* for Smith & Davis, appellants. To enable the plaintiff to maintain this action she must show that her intestate was free from negligence which caused or contributed to the injury; that the defendants were guilty of negligence, which was the sole cause of the injury. (*Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 13, 248, 252; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 64 id. 332; *Tolman* v. *S. B. & N. Y. R. R. Co.*, 98 id. 198, 202; *Hart* v. *H. R. Bridge Co.*, 80 id. 622; *Gonzales* v. *N. Y. & H. R. R. Co.*, 38 id. 440.) It was not shown, either directly or inferentially, by the circumstances that the deceased was free from negligence which contributed to the injury, and the refusal to nonsuit was error. (*Tolman* v. *S. B. & N. Y. R. R. Co.*, 98 N. Y. 202; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 333; *Gonzales* v. *N. Y. & H. R. R. Co.*, 38 id. 443; *Dubois* v. *Kingston*, 102 id. 219, 224; *Glendening* v. *Sharp*, 22 Hun, 78; *Kock* v. *Edgewater*, 14 id. 544; *Bruker* v. *Covington*, 69 Ind. 33; 35 Am. Rep. 202; *Parkhill* v. *Brighton*, 61 Ia. 103; *Wilkinson* v. *Fairie*, 32 L. J. Ex. 73; 1 H. & C. 633;

*Cummings* v. *Syracuse*, 100 N. Y. 637; *Splittorf* v. *New York*, 108 id. 205; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 248, 252; *Wood* v. *Andes*, 11 Hun, 543; *Kenney* v. *N. Y. & M. B. R. R. Co.*, 13 Week. Dig. 61; *Van Horne* v. *B. H. T. & W. R. R. Co.*, 25 id. 268; *McLain* v. *Van Zandt*, 39 N. Y. Super. Ct. 347, 350; *Warner* v. *N. Y. C. R. R. Co.*, 44 N. Y. 465, 471; *Hart* v. *H. R. Bridge Co.*, 84 id. 56, 62, 63; *McMahon* v. *N. Y. E. R. R. Co.*, 18 J. & S. 507, 509, 510.) The plaintiff did not prove that the injury was caused solely by the negligence of the defendants, Smith & Davis. (Moak's Underhill on Torts, 232; *Odell* v. *Solomon*, 50 N. Y. Super. Ct. 119; 99 N. Y. 635, 637; *Edwards* v. *N. Y. & H. R. R. Co.*, 98 id. 245; *Wenzlich* v. *McCotter*, 87 id. 123; *Haggerty* v. *Thompson*, 45 Hun, 398; *Miller* v. *Church*, 2 T. & C. 260; *C. S. R.* v. *B. N. Y. & E. R. R. Co.*, 51 N. Y. 573, 581; *Jaffe* v. *Harteau*, 56 id. 398; *Irvine* v. *Wood*, 51 id. 224; *Clifford* v. *Dam*, 81 id. 56.)

*Leroy Parker* for Gustavus Bassett, appellant. Defendant's motion for a nonsuit should have been granted for the reason that no proof whatever was adduced to show that the deceased was free from negligence which contributed to the injury; and without such proof it was error to submit the case to the jury. (*Hartfield* v. *Roper*, 21 Wend. 620; *Wendell* v. *N. Y. C. & H R. R. R. Co.*, 91 N. Y. 426; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 248; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 332; *Hart* v. *H. R. Bridge Co.*, 80 id. 622; *Hall* v. *Smith*, 78 id. 483; *Lee* v. *T. C. G. L. Co.*, 98 id. 116; *Payne* v. *T. & B. R. R. Co.*, 83 id. 574; *Palmer* v. *Dewing*, 93 id. 11.) Where a man makes an excavation upon his own land, having a right so to do, and is guilty of negligence in the manner of its construction, or in not properly guarding it after it is constructed, in an action by a party injured he must show that the defendant has been guilty of negligence and that the plaintiff was free from fault. (*Sexton* v. *Zett*, 56 Barb. 119; affirmed 44 N. Y. 430; *Bellinger* v. *N. Y. C. R. R. Co.*, 23 id. 42; *Irvine* v.

*Wood,* 51 id. 224; *Seldon* v. *D. & H. C. Co.,* 29 id. 634; *Radcliff* v. *Mayor, etc.,* 4 Coms. 195, 199; *Clifford* v *Dam,* 81 N. Y. 52–56.)

*Porter Norton* for respondent. No particular kind or species of evidence is required to establish the absence of contributory negligence. (*Winslow* v. *B. & A. R. R. Co.,* 11 St. Rep. 834.) It is only in exceptional cases that the question can be taken from the jury. (*Halsey* v. *R. & W. R. R. Co.,* 12 St. Rep. 332; *Carr* v. *Man. R. Co.,* 22 Week. Dig. 322.) It must appear from the circumstances clearly that the party injured has by his own acts or neglect contributed to the injury before the case can be taken by the court from the jury. (*Massoth* v. *D. & H. C. Co.,* 64 N. Y. 529; *Justice* v. *Lang,* 52 id. 323; *Hart* v. *H. R. B. Co.,* 80 id. 623; *Lee* v. *Troy Citizens' Gas Co.,* 98 id. 116; *Stackus* v. *N. Y. C. R. R. Co.,* 79 id. 464, 468; *Jones* v. *N. Y. C. R. R. Co.,* 28 Hun, 367; 92 N. Y. 628; *Woodward* v. *N. Y. C. R. R. Co.,* 58 id. 451; *Payne* v. *B. A. R. R. Co.,* 83 id. 573, 574; *Beck* v. *Carter,* 68 id. 293; *Weed* v. *Village of Ballston Spa,* 76 id. 329; *Thomas* v. *Mayor, etc.,* 28 Hun, 111; *Evans* v. *City of Utica,* 69 N. Y. 166; *Bullock* v. *City of New York,* 99 id. 654; *Talman* v. *S. R. R. Co.,* 98 id. 203; *Johnson* v. *H. R. R. Co.,* 20 id. 65; *Schwandner* v. *Birge,* 33 Hun. 190; *Button* v. *H. R. R. Co.,* 18 N. Y. 252; *Wiley* v. *Mulledy,* 78 id. 310; *Hart* v. *H. R. R. R. Co.,* 80 id. 622; *Mahoney* v. *Buffalo,* 26 Hun, 240; 91 N. Y. 627; *Cassidy* v. *Angel,* 12 R. I. 447; *Wooley* v. *S. R. R. Co.,* 83 N. Y. 128; *Morrison* v. *N. Y. C. R. R. Co.,* 63 id. 643; *Sammon* v. *N. Y. & H. R. R. Co.,* 62 id. 255; *Shaw* v. *Jewett,* 86 id. 616; Wharton on Ev. § 1225; *Dorland* v. *N. Y. C. R. R. Co.,* 19 Week. Dig. 76; *McGuire* v. *Spence,* 91 N. Y. 305, 306; 68 id. 293; Sher. & Redf. on Neg 559; *Crogan* v. *Schiele,* 3 East. Rep. 799; *Carter* v. *Beck,* 6 Hun, 607; *Green* v. *E. R. Co.,* 11 id. 334; *Kenyon* v. *N. Y. C. & H. R. R. R. Co.,* 5 id. 479; *Totten* v. *Phipps,* 52 N. Y. 354, 358; *Roll* v. *N. Y. C. R. R. Co.,* 15 Hun, 496–502.) A duty was imposed.

on the defendant to protect the area, and for the neglect thereof he was liable. (*Beck* v. *Carter*, 68 N. Y. 291, 293; 6 Hun, 610; *Barnes* v. *Ward*, 9 C. B. 392; *Crogan* v. *Schiele*, 3 East. Rep. 807; *Bishop* v. *Trustees*, 28 L. J. [Q. B.] 215; *Vale* v. *Bliss*, 50 Barb. 364, 366; Dillon on Mun. Corp. [3d ed.] § 1033; *Fitzpatrick* v. *Reilly*, 16 State Rep. 736; *Irvine* v. *Wood*, 51 N. Y. 228; *Jennings* v. *Van Schaick*, 108 id. 530, 533; *Clifford* v. *Dam*, 81 id. 52; *Newcross* v. *Thomas*, 51 Me. 503; Moak's Underhill on Torts, rule 20, p. 229; *McGuire* v. *Spence*, 91 N. Y. 395.)

EARL, J. This action was brought to recover damages from the defendants on account of the death of plaintiff's intestate, caused by his falling into an open and unprotected area upon the premises of defendants just outside of Webster alley, in the city of Buffalo.

In September, 1884, the defendants, Smith & Davis, owned a lot twenty feet wide with a store thereon, occupied by defendant Bassett as their tenant, the front of which was on Main street and the rear thereof was upon the alley. The rear of the store came within about three feet of the westerly side of the alley, and the space between the store and the alley was occupied by the area, which was eight feet deep, extending the whole width of the lot. The area was entirely open, except a space of three feet and eight inches which was covered by a stone platform over the middle of the area used for entrance into a rear door of the store. The wall under defendants' store formed the westerly wall of the area, and the rear of the buildings northerly and southerly of defendants' lot came out flush with the alley, and thus their foundation walls formed the northerly and southerly walls of the area, and the easterly wall thereof was built of stone, no part of which was in the alley, and upon the top of which was a stone coping seven inches high above the alley and two feet wide. The alley is midway between and parallel with Main and Washington streets, and extends southerly from Seneca street 239 feet, is fifteen feet wide and has no opening or outlet at the

southerly end.   On the night of September 16, 1884, the intestate was a watchman in the employment of a private detective agency, whose duty it was to go into the alley during the night and examine the doors and windows of certain buildings; and in the discharge of his duties, he entered the alley and fell into the area after twelve o'clock that night, and subsequently died of the injuries there received.

The defendants Smith & Davis contend that even if their tenant Bassett was not solely responsible for the condition of the area, and any injury which might be occasioned thereby, there was no negligence, wrong or fault in the construction or maintenance of the area which can impose responsibility upon them for this death.

This excavation was upon their own land, and was made there in the improvement of their lot for a purpose entirely proper.   They had the right to make and maintain it, unless it was manifestly and obviously dangerous to persons lawfully using the alley with ordinary prudence and care.   (*Barnes* v. *Ward*, 9 C. B. 392; *Beck* v. *Carter*, 68 N. Y. 283.)

We have seen what kind of an area this was.   It was impossible for anyone passing along the street to walk into it, as it was protected on the northerly and southerly sides by the buildings extending to the alley.   It was impossible for anyone to fall into it from the street without going over the stone coping seven inches high and two feet wide.

Now what kind of an alley was this?   It was in some sense a public alley, and all people who chose to could enter therein. But being closed at one end it was not a thoroughfare, and in no proper sense was it a street for public travel.   It was used only by persons having business with the rear ends of the buildings abutting upon the alley, and almost exclusively during business hours and in the daytime.   It had no sidewalks, descended from both sides to the middle thereof, and was always much incumbered with barrels, boxes and other rubbish. Obviously, the persons who would use it would generally be such as had business there and were acquainted with its condition. As to such an alley, was this area, separated therefrom by a

stone coping two feet wide and seven inches high, so immi-
nently dangerous as to be a nuisance? The facts are undis-
puted, and there was not enough in them to warrant an infer-
ence by the jury that the area was a nuisance, or that the
defendants were chargeable with any fault in the maintenance
thereof. It is obvious that no harm could come from the
existence of the area to a traveler in the alley except under
extraordinary circumstances, and against extraordinary acci-
dents the defendants were not bound to guard.

But if we assume that this area was in some sense a nuisance,
and that the defendants were guilty of some fault for main-
taining it, then, we think, the further contention of all the
defendants is well founded, that the evidence fails to show
that the intestate was himself free from carelessness, and that
his death was due solely to the fault of the defendants. He
fell into that portion of the area between the stone platform
over the middle thereof and the northerly end thereof and he
was found in the bottom of the area with his head towards
the south. It is thus manifest that he did not fall off from
the stone platform, and, indeed, he had no business to call him
upon that. There is not the least evidence showing how the
accident happened. When he was found and taken out he
gave no account of it. He had been on duty in that alley
previously during thirteen nights as follows: August 26, 28,
29, 30 and 31, and September 1, 2, 3, 4, 5, 6, 14 and 15, nine
hours each night; and it was his duty to pass through the alley
hourly for the purpose of examining the rear doors and
windows of five buildings, all on the westerly side of the alley.
He was thus perfectly familiar with the alley and must have
passed this area more than two hundred times during those
nights. Every hour during those nights it was his duty to
inspect the next store but one north of the defendants' store,
and also the store immediately south of it. As those stores to
which his duty called him came out flush with the alley, and the
store of the defendants, four stories high, was back three feet
from the alley, he must always have been able to determine
where that store was, and where the stores to be inspected by

him were, even in a dark night.   The alley was not lighted on that night, and as all the buildings were from four to six stories high, it must have been dark.   But the darkness was obvious and the danger was known, and hence caution and care were demanded of the intestate.   How, then, did the accident happen?   How came he to fall over this stone coping into this known place of danger?   The evidence does not tell us.   It is an unsolved mystery.   No plausible theory can be suggested to account for it.   It is, however, plain that he could not have fallen into it while passing along the street.   He must have departed from the street and thus have gone over the stone coping.   It is impossible to conceive how he could, when in the exercise of ordinary care and prudence, have fallen into it.   We have no right to guess that he was free from fault; it was incumbent upon the plaintiff to show it by a preponderance of evidence.   She furnished the jury with nothing from which they could infer the freedom of the intestate from fault.   She simply furnished them food for speculation, and that will not do for the basis of a verdict. The law demands proof, and not mere surmises.   The authorities are ample to show in such a case the plaintiff should have been nonsuited.   (*Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 330; *Dubois* v. *City of Kingston*, 102 id. 219.)

We are, therefore, of opinion that the judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except DANFORTH, J., not voting; RUGER, Ch. J., concurring in result.

Judgment reversed.