### TRAVIS v. TOWN OF CARROLLTON.

*(Supreme Court, General Term, Fifth Department.  October 19, 1889.)*

DEFECTIVE BRIDGES—CONTRIBUTORY NEGLIGENCE.

    In an action for the loss of horses caused by defects in defendant's bridge, plaintiff's driver testified that on approaching the bridge he saw that the planks were separated, and thought it made the bridge unsafe, and that he therefore stopped and looked at it, but decided to take the chances of trying to go over; and that it was in the same condition as it was the day before, when he had crossed in safety. *Held*, that he was guilty of contributory negligence, which precluded a recovery unless the accident did not result from the defect from which the danger was apprehended.

Appeal from circuit court, Cattaraugus county.

Action by Erastus Travis against the town of Carrollton for the loss of two horses on account of a defective bridge. Judgment for plaintiff, and defendant appeals.

*W. S. Thraser*, for appellant.  *J. G. Johnson*, for respondent.

DWIGHT, J.  The action was for the loss of a pair of horses, resulting from the alleged negligent construction of a bridge on one of defendant's highways. The negligence, if any existed, seems to have consisted in the omission to spike or otherwise fasten the planking to the stringers of the bridge. Whether the planking was spiked, and, if not, whether the omission to spike was negligent, and whether that negligence was the cause of the accident, were questions which were properly submitted to the jury upon evidence which sustains the verdict in all the particulars mentioned. The question principally discussed on this argument is whether the verdict was against evidence on the question of contributory negligence. The team was driven by a young man employed by the plaintiff, of about 17 years of age at the time of the accident. He had crossed the bridge with a load on the day before, and was returning with an empty wagon at the time of the accident. He testified, on his direct examination: "When I got to the bridge I stopped, and saw that everything was all right. The planks lay there, as far as I could see, as good as anything; and the bridge was above water." On his cross-examination he said: "The planks were not close together then; they were separated a little. I don't know how much, but more than planks ordinarily upon some bridges. I saw those. I looked before I drove on.  *  *  *  I thought these holes in the bridge then made it unsafe.  *  *  *  There not being plank enough there to cover the bridge is what made it unsafe; and that I saw myself before I drove onto it." On his redirect examination he testified: "There were no broken plank in the bridge. The widest crack in the bridge was about two inches. There were several such cracks in the bridge. I did not think at the time that I looked at it that it would be dangerous to drive on with my team. It was in the same condition that it was the day before, and then I had no trouble in going over it. These holes extended the whole length of the plank." On his recross-examination he testified: "I say that when I looked at these cracks in the bridge, before I went onto it, I thought that was what made the bridge unsafe, and that was why I stopped and looked at it, and I don't want to be understood as changing that in any way; and, after looking at it, I

thought I would take the chances of trying to go over, but I thought it was unsafe; that is what I mean." And on his further redirect examination he testified: "I did not apprehend any danger from the bridge, except for the cracks being in there." Nothing could be more explicit than this declaration of the person whose conduct was the subject of inquiry, that he saw in the bridge what he believed to be a source of danger, and took the chances of escaping that danger, as he had done the day before. This evidence is conclusive against the right of the plaintiff to recover, unless the jury was justified in finding, from the whole evidence, that the accident did not, after all, result from the defect in the bridge from which the danger was apprehended, and of which the driver of the horses took the risk. In that case the plaintiff might still be entitled to recover, notwithstanding the admitted negligence on the part of the person to whom he had intrusted the care of his horses; because that was not contributory negligence if it did not contribute to produce the accident and loss complained of. This question was also carefully submitted to the jury, and we are not prepared to say that the verdict in that particular did violence to the evidence upon which its just decision depended. If not, the verdict was properly held conclusive upon this as well as upon the other main question in the case, and the motion for a new trial was properly denied. The judgment and order appealed from must be affirmed. All concur.