ERASTUS TRAVIS, Respondent, *v.* THE TOWN OF CARROL-TON, Appellant.

*Supreme Court, Fifth Department, General Term, October 19, 1889.*

*Negligence. Contributory.*—The negligence of a party, or his servant, which does not contribute to the injury, is no bar to a recovery.

Appeal from a judgment entered on the verdict of a jury at the Cattaraugus circuit, and from an order at special term denying the defendant's motion for a new trial on a case and exceptions.

The evidence of the servant was to the effect that the planks upon the bridge, which ran lengthwise, were not nailed to the stringers; that the horses' front feet, under the strain caused by a slight up-grade at the approach, pawed or drew the planks back out of their place, threw them diagonally, and so made openings into which the horses' feet fell, or in which they were held. In this view, the " cracks " spoken of by plaintiff's servant did not cause the accident. What did cause it was a question submitted to the jury. There was a heavy freshet in a river near by whose overflow affected the gully over which this bridge was. The water rose quickly, and before an attempt could be made to extricate the horses it had reached the stringers. The attempt was unsuccessful, and the horses were swept away and drowned.

*W. S. Thrasher*, for appellant.

*J. G. Johnson*, for respondent.

DWIGHT, J.—The action was for the loss of a pair of horses resulting from the alleged negligent construction· of a bridge on one of defendant's highways. The negligence, if any existed, seems to have consisted in the omission to spike or otherwise fasten the planking to the· stringers of the bridge. Whether the planking was spiked, and if not, whether the omission to spike was negligence, and whether that negligence was the cause of the accident, were questions which were properly submitted to the jury upon evidence which sustains the verdict in all the particulars mentioned.

The question principally discussed on this argument is whether the verdict was against evidence on the question of contributory negligence. The team was driven by a young man employed by the plaintiff, of about seventeen years of age at the time of the accident. He had crossed the bridge with a load on the day before, and was returning with an empty wagon at the time of the accident. He testified, on his direct examination, " When I got to the bridge I stopped, and saw that everything was all right. The planks lay there, as far as I could see, as good as anything, and the bridge was above water."

On his cross-examination he said, " The planks were not close·together, they were separated a little; I don't know how much, but more than planks ordinarily upon some bridges. I saw those. I looked before I drove on. * * * I thought these holes, in the bridge then, made it unsafe. * * * There not being plank enough there to cover the bridge is what made it unsafe, and that I saw myself before I drove on to it." On his re-direct examination he testified: " There were no broken planks in the bridge. The widest crack in the bridge was about two inches. There were several such cracks in the bridge. I did not think, at the time that I

looked at it, that it would be dangerous to drive on with my team. It was in the same condition that it was the day before, and then I had no trouble in going over it. These holes extended the whole length of the plank." On his re-cross-examination he testified, " I say that when I looked at these cracks in the bridge, before I went onto it, I thought that was what made the bridge unsafe, and that was why I stopped and looked at it, and I don't want to be understood as changing that in any way, and after looking at it I thought I would take the chances of trying to go over, but I thought it was unsafe ; that is what I mean." And on his further re-direct examination he testified, " I did not apprehend any danger from the bridge except for the cracks being in there."

Nothing could be more explicit than this declaration of the person whose conduct was the subject of inquiry, that he saw in the bridge what he believed to be a source of danger, and took the chances of escaping that danger as he had done the day before. This evidence is conclusive against the right of the plaintiff to recover unless the jury was justified in finding, from the whole evidence, that the accident did not, after all, result from the defect in the bridge from which the danger was apprehended, and of which the driver of the horses took the risk. In that case the plaintiff might still be entitled to recover, notwithstanding the admitted negligence on the part of the person to whom he had entrusted the care of his horses, because that was not contributory negligence if it did not contribute to produce the accident and loss complained of. This question was also carefully submitted to the jury, and we are not prepared to say that the verdict in that particular did violence to the evidence upon which its just decision depended. If not, the verdict was properly held conclusive upon this as well as upon the other main question in the case, and the motion for a new trial was properly denied.

The judgment and order appealed from must be affirmed.

BARKER, P. J., and MACOMBER, J., concur.

### NOTE ON " CONTRIBUTORY NEGLIGENCE."

In order to recover in action for negligence, the want of negligence on the part of the decedent must be shown. Salmon *v.* N. Y. C. & H. R. R. R. Co., 52 Hun, 612.

The plaintiff must usually show freedom from contributory negligence. McRickard *v.* Flint, 114 N. Y. 232, aff'g 13 Daly, 544.

The persons injured must be shown to have been free from contributory negligence. Scott *v.* T. A. R. R. Co., 59 Hun, 456.

A party has no right of action against another in case of mutual negligence. Id.

The plaintiff must, in an action for negligence, show his own freedom from negligence, and that the injury was caused by the defendant's negligence. Kossman *v.* Stutz, 25 N. Y. St. Rep. 953.

The absence of contributory negligence may be inferred from the circumstances. James *v.* Ford, 16 Daly, 126.

Attempting to cross a track, while the view is temporarily obstructed by smoke, is contributory negligence. Heaney *v.* Long I. R. R. Co., 112 N. Y. 122.

The circumstances, in this case, were held to establish the absence of due and reasonable care on the part of the plaintiff's intestate. Mulligan *v.* N. Y. C. & H. R. R. R. Co., 58 Hun, 602.

The plaintiff was held not guilty of negligence, as matter of law, in not seeing an approaching train in time. Kain *v.* N. Y. & N. E. R. R. Co., 50 Hun, 606.

It is not negligence on the part of a traveler, as matter of law, to attempt to pass in front of a car fifty feet away. Wells *v.* B. C. R. R. Co., 58 Hun, 389.

A failure to see an approaching street car is not, as matter of law, contributory negligence. Brown *v.* Seventy-third Street R. R. Co., 56 Super. 356.

The rule, applying to crossing a steam railroad, does not apply, with equal strictness, to crossing a street railroad. Id.

The plaintiff is negligent in attempting to cross a track, where an engine is in plain sight, or obscured by a cloud of smoke. Whalen *v.* N. Y. C. & H. R. R. R. Co., 61 Hun, 623.

As to when the breaking of a rein is not contributory negligence, see Phillips *v.* N. Y. C. & H. R. R. R. Co., 127 N. Y. 657.

An attempt by a passenger to get on before the car fully stopped is not of itself contributory negligence. Moylan *v.* S. A. R. R. Co., 59 Hun, 619.

As to when the plaintiff is not guilty in law of contributory negligence in attempting to board a car, see Seitz *v.* D. D., E. B. & B. R. Co., 16 Daly, 264.

A young man in good health is not careless in attempting to board an open car while slowly moving. Moylan v. Second Ave. R. R. Co., 128 N. Y. 583; affirming 59 Hun, 619.

He must see that no near obstacle renders such act dangerous. Id.

As to when an attempt to board a moving train constitutes contributory negligence, see Hunter v. C. & S. V. R. R. Co., 126 N. Y. 18; reversing 58 Hun, 606.

To alight from, or board a train in motion, is a negligent and hazardous act, only excusable when under such coercion of circumstances as to raise a fair question as to free possession and use of faculties and judgment. Id.

Contributory negligence cannot be predicated from the fact of plaintiff's standing upon a sidewalk over which the cars ran on a curve to the depot, nor from the fact that she failed to pursue the best course to escape the danger. O'Toole v. C. P., N. & E. R. R. R. Co., 58 Hun, 609.

It is not negligence per se for a person, who knows the defective condition of the sidewalk, to pass over it. Smith v. Ryan, 29 N. Y. St. Rep. 672.

As to when the jury are justified in finding that a trespasser was not guilty of contributory negligence in jumping off of a car in front of an approaching car. Hogan v. C. P., N. &. E. R. R. Co., 58 Supr. 322.

The surrendering of a seat to a weaker person is not, as matter of law, contributory negligence. Lehr v. S. & H. P. R. R. Co., 118 N. Y. 556.

The deceased in this case, was held not shown to have been free from contributory negligence. Hooper v. J. G. & K. H. R. R. Co., 59 Hun, 121; affirmed, 128 N. Y. 613.

In the absence of a statute or rule, a passenger may go from a passenger coach, in which he is riding, into the smoker and return, without being guilty of contributory negligence, as matter of law. Costikyan v. R. W. & O. R. R. Co., 58 Hun, 590.

Vigilance or care upon the part of a person in company with the deceased will not relieve the latter from himself exercising care and prudence. Wiwirowski v. L. S. & M. S. R. Co., 124 N. Y. 420; rev'g 58 Hun, 40. Freedom from contributory negligence cannot be assumed. Id. The burden of showing that the intestate was free from contributory negligence rests upon the plaintiff. Id. When the circumstances point as much to negligence of deceased as to its absence, or point in neither direction, a nonsuit should be granted. Id.

A convict was held to be guilty of contributory negligence in the mode of using a machine. Hartwig v. B. S. S. & L. C., 118 N. Y. 664.

A party, with knowledge of the space, is guilty of such negligence as will defeat a recovery, if she fails to look where she is stepping. Hanrahan v. Man. R'y Co., 53 Hun, 420.

The evidence, in this case, was held sufficient to justify a referee in finding defendant negligent, and plaintiff not guilty of contributory negligence. Bly v. Village of Whitehall, 120 N. Y. 506.

In this case, contributory negligence on the part of plaintiff's intestate

was held to be established.   Collins *v.* L. I. R. R. Co., 31 N. Y. St. Rep. 973.

So, the facts were held to establish, in this case, contributory negligence on the part of plaintiff's intestate.   Hinz *v.* Starin, 50 Hun, 606 ; Nash *v.* N. Y. C. & H. R. R. R. Co., 125 N. Y. 715 ; Meserole *v.* B. C. R. R. Co., 57 Hun, 591.

The evidence, in this case, was held to establish a degree of contributory negligence which justified the dismissal of the complaint.   Rock *v.* Retsoff M. Co., 61 Hun, 623.

A failure to exercise the best judgment or use the wisest precaution is. not always the test of contributory negligence.   Lent *v.* N. Y. C. & H. R. R. R. Co., 120 N. Y. 467.

The injured party must be shown free from negligence, or prove facts and circumstances from which it can be fairly inferred.   Riordan *v.* O. S. S. Co., 32 N. Y. St. Rep. 328.

The presumption that every person will take care of himself from regard to his own life and safety cannot take the place of proof.   Id.

Where, under the circumstances, an injured party acts as a prudent and careful person would have done, he is not guilty of contributory negligence. Murphy *v.* R., W. & O. R. R. Co., 56 Hun, 645.

The facts, in this case, were held to show plaintiff to be guilty of contributory negligence in crossing a trench in the sidewalk.   Stephenson *v.* E. G. L. Co., 60 Hun, 77.

The facts, in this case, were held not to justify the submission of the question of decedent's contributory negligence to the jury.   Tucker *v.* N. Y. C. & H. R. R. R. Co., 124 N. Y. 308.

It is for the jury to take into consideration all the circumstances and decide whether the deceased exercised such care as could reasonably by required of one in his situation and with his knowledge.   Oldenberg *v.* N. Y. C. & H. R. R. R. Co., 124 N. Y. 414.

The company is not responsible, where the accident is due to the carelessness of the injured person, or to pure accident.   Fenton *v.* S. Ave. R. R. Co., 126 N. Y. 625.

Pedestrians must use reasonable care to keep out of the way of railway cars.   Id.

Walking upon the track by employee, without looking for an approaching train at dangerous place, amounts to contributory negligence.   Ellis *v.* Houston, 52 Hun, 610.

The proof of freedom from contributory negligence was held, in this case, insufficient to authorize the submission of the case to the jury.   Bond *v.* Smith, 113 N. Y. 378.

The facts, in this case, were held to establish that the plaintiff was guilty of contributory negligence.   Whalen *v.* N. Y. C. & H. R. R. R. Co., 58 Hun, 431.

The absence of a flagman, whom the plaintiff knew it was not the company's habit to keep at the crossing, gave him no right to assume it to be safe.   Id.

Where, in the absence of direct proof, accident may have occurred with-out the deceased's negligence, the case must be submitted to the jury. Beckwith *v.* N. Y. C. & H. R. R. R. Co., 54 Hun, 446.

A brakeman, who, with knowledge of the defect in the cover of a man-hole in a water tank, steps upon it, is guilty of contributory negligence. McQuigan *v.* D. L. & W. R. R. Co. 122 N. Y. 618.

A person, guilty of negligence, can recover if such negligence did not contribute to produce the accident. Travis *v.* Carrolton, 54 Hun, 635.

See further, Dennis *v.* Harris, 64 Hun, 637 ; Stastney *v.* Second Ave. R. R. Co., 46 N. Y. St. Rep. 537 ; Davis *v.* Lehigh Valley R. R. Co., 64 Hun, 492.