## HERMANN v. SARLES.

(Supreme Court, Appellate Division, Second Department.　July 1, 1899.)

1. TENANT PERFORMING SERVICES FOR LANDLORD—INJURY TO THIRD PERSON.

　　Where, under an agreement between a landlord and tenant, the tenant was to perform certain labor on the farm of the landlord, he is not the servant of the landlord while performing the services, so as to make the landlord liable for his acts in setting fire to grass, resulting in the destruction of plaintiff's barn.

2. EVIDENCE—DECLARATIONS OF ALLEGED SERVANT.

　　In an action to recover damages for the negligent acts of an alleged servant of defendant in setting fire to plaintiff's barn, declarations of the servant, made after the fire, as to directions given to him by defendant, are not admissible.

Appeal from Westchester county court.

Action by Mary Hermann against Emma O. Sarles.　Judgment for plaintiff, and defendant appeals.　Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William P. Fiero, for appellant.

A. J. Adams, for respondent.

HATCH, J.　It is quite probable that there was sufficient evidence upon which the court was authorized to submit, and the jury to find, that the fire which destroyed the barn was occasioned by the act of Andrew Sarles in setting fire to the grass in the field, and that in so setting the fire he was guilty of a negligent act.　For the purposes of this appeal, we may so assume.　But the evidence falls short of establishing that the defendant was responsible therefor. The only competent evidence in the case to establish that Andrew Sarles was the servant of the defendant was that he did work about the place generally, as was required to be done upon the farm.　But both the defendant and Sarles testified that Andrew did the work upon the farm for himself as tenant of the defendant, and in corroboration of this fact a written agreement was produced, executed by both, which established the relation of landlord and tenant, the term of which tenancy had begun and was in existence at the time of the fire.　There is no evidence contradicting the existence of such relation.　The fact that he worked about the place is entirely consistent therewith.　In order to meet the obligations which the agreement imposed, he was required to perform the labor which the evidence shows he did perform.　There is a suggestion that the agreement was executed to meet the necessities of this lawsuit, but nothing supports such suggestion.　It was not shown that Andrew obeyed the defendant's directions connected with the carrying on of the farm, or that he was directed by her to do what he did do, or that the relation of master and servant had at any time existed.　He had been there about a year, but in what capacity, prior to the execution of the agreement, does not appear, nor does it appear that the defendant controlled him in what he did prior to the agreement or after.　So far, therefore, as is disclosed by the record, the defend-

ant had no control over Andrew's actions. The suggestion is mere speculation, and cannot be made the basis upon which to found liability. Bond v. Smith, 113 N. Y. 378, 21 N. E. 128. There was an attempt made to supply this defect in the proof by giving in evidence the declaration of Andrew as to a direction given by the defendant about starting the fire, but such declaration was made after the event had happened, and was not competent to prove the fact. First Nat. Bank of Lyons v. Ocean Nat. Bank, 60 N. Y. 278; Manhattan Life Ins. Co. v. Forty-Second & G. St. F. R. Co., 139 N. Y. 146, 34 N. E. 776. As the proof stood, no liability was shown for the act of starting the fire, which rested upon the defendant; hence it became the duty of the court to dismiss the complaint. The questions were raised by a proper motion, and also by objections to the testimony when offered, and exceptions to the ruling admitting it. The judgment should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.