FRANCIS GROARKE, Respondent, *v.* GEORGE LAEMMLE, Appellant.

*Negligence — leaving in a sloping courtyard a wagon, which runs down the slope and strikes a boy — proper charge —* res ipsa *loquitur.*

The doctrine of *res ipsa loquitur* does not apply to a case in which it appears that a very heavy milk wagon, stored at about eleven o'clock in the morning in a sloping courtyard, with the rear end towards the slope and the shafts resting upon the top of a fence, on which hooks, on the under side of the shafts, were likely to catch, remained there until seven o'clock in the evening, at which time it was claimed that it suddenly, and without warning, ran backwards across the yard and struck a boy returning to his home through the yard.

In such a case the court may properly charge the jury " that the defendant was not obliged to fasten the wagon any more securely than was necessary to keep it in place if not meddled with."

Evidence concerning the cause of the sudden movement of the wagon, which is too conjectural to warrant a submission of that question to the jury, considered.

APPEAL by the defendant, George Laemmle, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of May, 1900, upon the verdict of a jury for $200.

*De Lagnel Berier,* for the appellant.

*Levi S. Hulse,* for the respondent.

HATCH, J. :

The defendant is engaged in the milk business and has a milk route in the city of New York, upon which he uses large wagons. He used for the purpose of his business a brick stable on a lot at 408 East Seventeenth street, in that city. On the rear of the lot was a dwelling house occupied by the plaintiff and his family, and between the rear of the stable and the front of this house was a yard paved with brick, which sloped towards the east. Between the easterly side of the stable and the easterly boundary of the lot was an alleyway six feet and six inches wide extending from East Seventeenth street back to the yard in front of the house, which was the only means of ingress and egress for the occupants of the premises.

On the day of the accident, and for about three weeks prior thereto, the defendant had stored one of his milk wagons immediately back of the stable in the court yard, facing westerly, the rear end towards the slope, with the shafts resting over the top of the west fence. The wagon was so kept and stored by the defendant with the consent of the landlord. The wagon weighed 1,700 pounds, without the cans, and at the time of the accident held twenty-one cans. It appears that, unless the wagon should be secured in place, it would of its own weight run backwards across the court yard because of the slope of the yard, and thus endanger persons passing through the alley. The action was brought to recover damages for injury to the plaintiff's son, an infant eight years of age, alleged to have been caused by being run into by this wagon, the result of the negligence of the plaintiff.

At the time of the injury the boy was returning to his home through the alleyway, as testified by plaintiff's witnesses, and when he had just reached the court yard he was suddenly and without warning struck by the wagon, which was running backward across the yard, and was knocked over and thrown against the fence or wall on the easterly side of the yard and received the injuries of which complaint is made. On the other hand, it appears from the testimony of the defendant's witnesses that this boy, with other children, was playing on and about the wagon and that the injured lad climbed up on the wheel, the wagon started and rolled down the slope and the boy was thrown to the ground. There was also a conflict of evidence as to how the wagon was secured in place on

the day of the accident, the plaintiff's testimony tending to show that it was only held by a small piece of brick, less than half, under one wheel; while defendant's witnesses testified that it was secured by wooden chocks or blocks, four by two inches in size under each front wheel and by a brick under each hind wheel, and that the shafts rested over the top of the fence, which was about seven feet high, and that the iron hooks used for fastening the side straps of the harness were on the westerly side of the fence.

The undisputed evidence shows that the defendant put the wagon in the yard about eleven o'clock in the forenoon, and that it stood there without further fastening until about seven o'clock in the evening, when the accident occurred. This proof, as we view the case, is insufficient upon which to found negligence upon the part of the defendant. What caused the wagon to move from its place is the merest conjecture, and simply furnished food for speculation while the law demands proof. (*Bond* v. *Smith*, 113 N. Y. 378.)

It was incumbent upon the plaintiff to show that the chocks which the defendant used to hold the wagon in place were insufficient for that purpose, or that the brick which held it was crushed or pushed out of place by the weight which came upon it. In other words, he bore the burden of showing some circumstance or circumstances from which the jury would be authorized to infer the cause of the accident and that such cause was one for which the defendant was responsible. As it is, the plaintiff's testimony leaves the case to stand upon no more proof than the fact that the wagon moved and the boy was injured. As the doctrine of *res ipsa loquitur* does not apply, this is not sufficient. (*Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Frank* v. *Metropolitan Street R. Co.*, 44 App. Div. 243.)

We are also of opinion that the defendant became entitled to have the jury instructed in accordance with his request, *i. e.*, " That the defendant was not obliged to fasten the wagon any more securely than was necessary to keep it in place if not meddled with." The obligation of the defendant was to exercise reasonable care in securing his wagon in the place where it stood, and if he discharged this duty so far that it could only be moved from its place by the affirmative act of another, he could not be said to have failed in the duty which he owed. There is nothing in the circumstances of this case which shows that he was required to exercise an extraordinary

degree of care or to guard against the meddling of persons with the wagon, either infants or others. (*Walsh* v. *Fitchburg R. R. Co.*, *supra.*) And if the means which he used secured the wagon in place his full duty was discharged. The request embodied this rule and the jury should have been instructed as asked.

The judgment should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., INGRAHAM and McLAUGHLIN, JJ., concurred; O'BRIEN, J., dissented.

Judgment reversed, new trial granted, costs to appellant to abide event.