## GROARKE v. LAEMMLE.

(Supreme Court, Appellate Division, First Department.   December 7, 1900.)

1. NEGLIGENCE—PERSONAL INJURY—EVIDENCE—SUFFICIENCY.

Plaintiff's home was in the rear of a stable occupied by defendant, a milkman. A courtyard paved with brick intervened, and an alley ran from the street to the yard. Defendant left a milk wagon, weighing 1,700 pounds, immediately back of the stable; the rear end towards the slope, and the shafts over the fence, on the west side. The wagon, unless fastened, would run backward across the yard, because of the slope. Plaintiff's son, 8 years old, was returning home through the alley, according to plaintiff's witnesses, and was struck by the wagon, which was running backward across the yard. They testified that the wagon was fastened only by a small piece of brick under one wheel. Defendant's witnesses testified that the child was playing on the wagon with other children, and had climbed on the wheel; that the wagon was fastened by blocks under each wheel; and that the iron hooks used for fastening the side straps were on the further side of the fence. Undisputed evidence showed that the wagon had stood for more than eight hours without moving. *Held*, that the evidence was insufficient to show that defendant was negligent.

2. SAME—BURDEN OF PROOF.

The burden is on plaintiff in a suit for personal injuries to show that defendant was guilty of negligence.

3. SAME—DEGREE OF CARE.

An instruction that defendant was not obliged to fasten the wagon more securely than necessary to keep it in place when not meddled with was improperly refused, the defendant only being obliged to use reasonable care.

O'Brien, J., dissenting.

Appeal from trial term, New York county.

Action by Francis Groarke against George Laemmle for injuries sustained by plaintiff's infant son through defendant's alleged negligence. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

De Lagnel Berier, for appellant.

Levi S. Hulse, for respondent.

HATCH, J.   The defendant is engaged in the milk business, and has a milk route in the city of New York, upon which he uses large wagons. He used for the purposes of his business a brick stable on a lot at 408 East Seventeenth street, in this city. On the rear of the lot was a dwelling house occupied by the plaintiff and his family, and between the rear of the stable and the front of this house was a yard paved with brick, which sloped towards the east. Between the easterly side of the stable and the easterly boundary of the lot was an alleyway 6 feet and 6 inches wide, extending from East Seventeenth street back to the yard in front of the house, which was the only means of ingress and egress for the premises. On the day of the accident, and for about three weeks prior thereto, the defendant had stored one of his milk wagons immediately back of the stable in the courtyard, facing westerly,

—the rear end towards the slope,—with the shafts resting over the top of the west fence. The wagon was so kept and stored by the defendant with the consent of the landlord. The wagon weighed 1,700 pounds, without the cans, and at the time of the accident held 21 cans. It appears that, unless the wagon should be secured in place, it would of its own weight run backwards across the courtyard, because of the slope of the yard, and thus endanger persons passing through the alley. The action was brought to recover damages for injury to the plaintiff's son, an infant 8 years of age, alleged to have been caused by being run into by this wagon, the result of the negligence of the plaintiff. At the time of the injury the boy was returning to his home through the alleyway, as testified by plaintiff's witnesses, and when he had just reached the courtyard he was suddenly and without warning struck by the wagon, which was running backward across the yard, and was knocked over and thrown against the fence or wall on the easterly side of the yard, and received the injuries of which complaint is made. On the other hand, it appears from the testimony of the defendant's witnesses that this boy, with other children, was playing on and about the wagon, and that the injured lad climbed up on the wheel, the wagon started and rolled down the slope, and the boy was thrown to the ground. There was also a conflict of evidence as to how the wagon was secured in place on the day of the accident; the plaintiff's testimony tending to show that it was only held by a small piece of brick (less than half) under one wheel, while defendant's witnesses testified that it was secured by wooden chocks or blocks, 4x2 inches in size, under each front wheel, and by a brick under each hind wheel, and that the shafts rested over the top of the fence, which was about 7 feet high, and that the iron hooks used for fastening the side straps of the harness were on the westerly side of the fence. The undisputed evidence shows that the defendant put the wagon in the yard about 11 o'clock in the forenoon, and that it stood there without further fastening until about 7 o'clock in the evening, when the accident occurred. This proof, as we view the case, is insufficient upon which to found negligence upon the part of the defendant. What caused the wagon to move from its place is the merest conjecture, and simply furnished food for speculation, while the law demands proof. Bond v. Smith, 113 N. Y. 378, 21 N. E. 128. It was incumbent upon the plaintiff to show that the chocks which the defendant used to hold the wagon in place were insufficient for that purpose, or that the brick which held it was crushed or pushed out of place by the weight which came upon it. In other words, he bore the burden of showing some circumstance or circumstances from which the jury would be authorized to infer the cause of the accident, and that such cause was one for which the defendant was responsible. As it is, the plaintiff's testimony leaves the case to stand upon no more proof than the fact that the wagon moved and the boy was injured. As the doctrine of res ipsa loquitur does not apply, this is not sufficient. Walsh v. Railroad Co., 145 N. Y. 301, 39 N. E. 1068, 27 L. R. A. 724; Frank v. Railway Co., 44 App. Div. 243, 60 N. Y. Supp. 616.

We are also of opinion that the defendant became entitled to have the jury instructed in accordance with his request, i. e. "that the defendant was not obliged to fasten the wagon any more securely than was necessary to keep it in place if it was not meddled with." The obligation of the defendant was to exercise reasonable care in securing his wagon in the place where it stood, and, if he discharged this duty so far that it could only be moved from its place by the affirmative act of another, he could not be said to have failed in the duty which he owed. There is nothing in the circumstances of this case which shows that he was required to exercise an extraordinary degree of care, or to guard against the meddling of persons with the wagon,—either infants or others. Walsh v. Railroad Co., supra. And, if the means which he used secured the wagon in place, his full duty was discharged. The request embodied this rule, and the jury should have been instructed as asked.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except O'BRIEN, J., who dissents.