MARGARET L. LYMAN, as Administratrix, etc., of ARDEN N. LYMAN, Deceased, Respondent, *v.* THE DELAWARE AND HUDSON COMPANY, Appellant.

Third Department, May 17, 1918.

Railroad — negligence — death of locomotive engineer who drove past block signal without stopping — Federal Employers' Liability Act — proof not justifying recovery.

A judgment for the plaintiff in an action under the Federal Employers' Liability Act to recover for the death of a locomotive engineer who ran his train at full speed past a mechanically operated block signal and

collided with another train will be set aside where the only evidence as to the condition of the signal after the accident showed that it displayed the danger light and there is no proof that either prior or subsequent to the accident it failed to operate properly.

A recovery cannot be sustained upon the supposition that the fact that the deceased ran his locomotive past the signal was evidence that the danger signal was not displayed, for there is no presumption that the signal failed to operate properly and the jury should not be allowed to speculate on this issue.

WOODWARD, J., dissented.

APPEAL by the defendant, The Delaware and Hudson Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 13th day of June, 1917, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 5th day of August, 1917, denying defendant's motion for a new trial made upon the minutes.

*Lewis E. Carr,* for the appellant.

*T. B. & L. M. Merchant,* for the respondent.

LYON, J.:

This action is under the Federal Employers' Liability Act for negligently causing the death of plaintiff's intestate who was killed in a collision between the locomotive of which he was the engineer and the caboose of a standing train which had preceded him. The appellant urges as a ground for reversal of the judgment in favor of the plaintiff, and of the order denying the defendant's motion for a new trial, the alleged error of the court in submitting to the jury the question as to the negligence of the defendant in the operation of one of its block signals.

The collision occurred before daylight of March 6, 1911, on defendant's main track, about sixteen hundred feet north of the entrance to the block known as No. 88–2, which was about one mile in length. The defendant had installed the Hall block system which was mechanically operated, and in part consisted of two arms placed about six feet apart upon a pole standing at the entrance to a block. These arms were intended to stand horizontally to the track, displaying a red

light on the upper arm as a signal of danger whenever a train entered the block, and to so remain until the train had passed out of that block and into the next block when the arms were intended to fall seventy-five degrees, displaying a green light upon the upper arm as a caution signal which so remained until the train had passed into the second block beyond when the arms were intended to fall to the side of the signal pole. The lower arm at all times displayed a yellow light. The duty of an engineer entering a block which displayed a danger signal was to stop, and then proceed with caution. The evidence is that the deceased did not stop or slacken the speed of his train upon entering block 88–2.

There was no direct evidence that the block system was not in order and did not operate at the time the decedent's train entered the block, nor that at any prior or subsequent time the signals had ever failed to give the warning of danger. Plaintiff's counsel state in their brief that they do not claim to have proved or attempted to prove that the block signals did not work upon the occasion in question. Upon the contrary, there was evidence that when the preceding train, with the caboose of which deceased's train collided, passed the signal post going into block 88–2 the arm swung to danger, and that immediately after the accident, as well as at eight or nine o'clock that morning, the arm stood at danger with the danger lights displayed. The plaintiff claims, however, that notwithstanding this, the fact that the deceased ran his locomotive past the signal post and into the block without halting was evidence that neither a danger nor a caution signal was being displayed, and hence justified the submission to the jury of the question of the defendant's negligence in the operation of its block signal. To this proposition we cannot assent. There is no presumption that the signal failed to properly operate upon this occasion, nor could the jury be allowed to guess that it did not. As was said in *Bond* v. *Smith* (113 N. Y. 378, 385) the law demands proof and not surmises; simply furnishing the jury food for speculation will not do as the basis of a verdict. (*People* v. *Scharf*, 217 N. Y. 204, 211.) We think the submission to the jury of the question as to the negligence of the defendant in operating its signal system was not justified.

The judgment and order appealed from must be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred, except WOODWARD, J., who voted for affirmance.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.