Hillsborough,  
  Dec., 1899.

## PARENT v. NASHUA MANUFACTURING CO.

A servant who voluntarily, without request from the master, engages in work which he was not hired to perform, assumes the risk of injury attendant thereon.

Opinions of experts are not admissible when there is no evidence tending to prove the facts upon which the opinions purport to be based.

CASE, for personal injuries. The plaintiff was employed by the defendants as a weaver. He had nothing to do with the belts or machinery, which were under the care of a loom-fixer. On July 26, 1895, the loom-fixer, who was engaged in adjusting a belt, beckoned the plaintiff to come to him, and he did so. While the loom-fixer held the belt in place upon an upper pulley, the plaintiff placed his foot against it and attempted to kick or push it upon a lower pulley. While so engaged, the plaintiff was caught by the belt and carried over the shafting, receiving the injuries complained of. There was no evidence as to the cause of the belt catching him.

The plaintiff offered the testimony of expert loom-fixers to show that, with belts and pulleys arranged like those in question, the drawing up of the belt by which the plaintiff was caught must have been caused by contact with another belt (running to a loom in the room above) when the latter was in a certain position, which would be when the upper loom was in motion. There was no evidence as to the position of the second belt at the time of the accident, or whether the loom in the room above was running. The evidence was excluded, and the plaintiff excepted.

A verdict was ordered for the defendants, and the plaintiff excepted.

*Timothy J. Howard* and *Taggart & Bingham*, for the plaintiff.

*George B. French* and *Burnham, Brown & Warren,* for the defendants.

PARSONS, J.    As there was no defect or fault in the machinery or belting, the plaintiff's injury must be attributed to his own carelessness, or to the risk naturally attendant upon the work which he undertook.    This work was beyond the scope of the duty which he was employed to perform, and there is no evidence that the loom-fixer had any authority to permit or require him to perform it.    Voluntarily engaging in work for which he was not hired, without request from the master, he assumed the risk attendant thereon.    *McGill* v. *Granite Co., ante, p.* 125.

The evidence of the loom-fixers as to their opinion of the cause of the accident was properly excluded.    The facts upon which the opinions were based not having been proved, the opinions, if admissible at all, were immaterial.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.