Belknap, }
June 3, 1902. }

## DAME, *Adm'x*, v. LACONIA CAR COMPANY WORKS.

Where the cause of a death for which recovery is sought in an action for negligence is upon the plaintiff's evidence left wholly to conjecture, a verdict for the defendant is properly ordered.

It is contrary to the established practice of the court to consider questions of law raised by a reserved case when no practical result would follow their decision.

Where a verdict is ordered for the defendant because the plaintiff's evidence is insufficient to authorize the verdict of a jury in his favor, the latter is afforded adequate relief by a petition for a new trial upon the discovery of evidence which supplies the requisite proof.

CASE, for negligently causing the death of the plaintiff's decedent. At the close of the plaintiff's evidence a verdict was directed for the defendants, and the plaintiff excepted. Transferred from the November term, 1901, of the superior court by *Peaslee*, J.

*Shannon & Young* and *E. A. & C. B. Hibbard*, for the plaintiff.

*Jewell, Owen & Veazey* and *Frank S. Streeter*, for the defendants.

BLODGETT, C. J.  The facts appearing in the case disclose no error in the direction of a verdict for the defendants.  In any permissible view of the evidence, the plaintiff leaves the cause of her intestate's death wholly conjectural.  Upon this vital point it is simply shown that he was found lying dead in a passway between the defendants' office and one of their shops; that a heavy ladder, which had been put up against the shop some hours before and left unfastened, with its foot projecting into the passway some seven or eight feet, was lying on the ground near his body; that when he was so discovered " it was windy and gusty " and had been for an hour or so preceding, so that the ladder might have blown down upon him and caused his death; and " that it is dangerous to leave ladders as this one was, because of their likelihood of being blown down."

This evidence manifestly does not afford the legitimate medium of proof recognized by the law, and which the plaintiff has the burden of establishing.  *United States* v. *Ross*, 92 U. S. 281, 283, 284.  " The law demands proof and not mere surmises."  *Bond* v. *Smith*, 113 N. Y. 378, 385.  Merely because the intestate was found lying dead in proximity to the ladder, it is not to be inferred as a conclusion of fact or as a presumption of law that the ladder caused his death by blowing down upon him, or in any other way; and *a fortiori*, in the absence of any evidence of physical injury, or as to the condition of his health, and when his death may have resulted from any one of several well-recognized and not infrequent natural causes.  *United States* v. *Ross* and *Bond* v. *Smith*, *supra*; *Deschenes* v. *Railroad*, 69 N. H. 285, 288; *Horan* v. *Byrnes*, 70 N. H. 531, 533; *White* v. *Dakin*, 70 N. H. 632. There is consequently no occasion to now consider the relation in which the deceased stood to the defendants, or whether he was killed by the negligence of a fellow-servant; and it would be contrary to the established practice of the court to do so.  See *State* v. *Morin*, 65 N. H. 667, 668, and cases cited; *Winnipiseogee etc. Co.* v. *Gilford*, 66 N. H. 621; *State* v. *Lewis*, 66 N. H. 623.

If the plaintiff can supply the requisite proof as to the cause of her intestate's death, and if justice requires it should be done, she is afforded an adequate remedy for relief by a petition for a new trial.  P. S., c. 230, s. 1.

*Exception overruled.*

All concurred.