Belknap,
April 4, 1911.

## BOUCHER *v.* BOSTON & MAINE RAILROAD.

A railroad company is not liable to a passenger who is injured by the fall of a car window, in the absence of evidence that the sash or its fastening devices were defective, or that the insecure condition of the window was due to negligence on the part of the company's servants.

Where the details of an injury caused by the fall of a car window are first brought to the carrier's attention after an interval of five months, a failure to furnish evidence as to the condition of the car at the time of the accident does not warrant a finding of defect therein.

If a thing causing injury is entirely within a carrier's control, and in the ordinary course no harm would result if due care were exercised, the occurrence of an

accident may warrant a finding of his negligence; but if the injury may be attributed to other causes than the carrier's neglect, evidence of a want of care on his part must be shown to authorize a recovery against him.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the March term, 1910, of the superior court by *Chamberlin*, J. The defendants submitted the case upon their exceptions to the denial of motions for a nonsuit and the direction of a verdict in their favor.

The plaintiff's evidence tended to prove that she was a passenger on the defendants' railroad from Nashua to Franklin; that when the train reached Concord she took a seat just vacated by another passenger, the window beside which was open; that soon after the train started the sash fell and injured her arm, the accident occurring about five minutes after the train left Concord and after the conductor had passed through the car to collect the tickets.

The plaintiff called as a witness one Clark, employed for ten years in the window adjusting department of the Laconia Car Works, who was asked the following question: "Assuming that a car is standing still and a window is open, that the train starts and runs perhaps five minutes until it reaches full speed, if the window then falls to what you would attribute the fault, if any?" Subject to exception, the witness answered: "To some part of the sash not being properly adjusted. The sash might be put part way up and bind, and drop down in that manner. It might not have been raised high enough for the bolt to engage the catch, and bind in the jamb so it would drop down by the car moving and working as they usually do, and the catch might possibly be out of order." He further testified that he did not know of anything which could cause the sash to fall, except that the frame might bind, thus preventing the sash going up far enough to permit the bolt to engage the catch, or that some defect might exist in the locking device. Upon cross-examination, he testified in substance that a window so constructed or in such condition that the bolt might partially engage and hold the sash up for a time was not properly adjusted.

*Napoleon J. Dyer* and *Shannon & Tilton* (*Mr. Dyer* orally), for the plaintiff.

*Stephen S. Jewett* (by brief and orally), for the defendants.

PARSONS, C. J. "In this state the jury are not permitted to find

material facts without evidence, or from mere conjecture as to the truth of one of two or more equally probable or possible theories having different legal results." *Reynolds* v. *Fibre Co.*, 73 N. H. 126, 131; *Stevens* v. *Stevens*, 72 N. H. 360, 363; *Cohn* v. *Saidel*, 71 N. H. 558, 568, 569; *Dame* v. *Car Works*, 71 N. H. 407, 408; *Horan* v. *Byrnes*, 70 N. H. 531, 533; *Gahagan* v. *Railroad*, 70 N. H. 441, 444; *Carr* v. *Electric Co.*, 70 N. H. 308, 310; *Deschenes* v. *Railroad*, 69 N. H. 285; *Wright* v. *Railroad*, 74 N. H. 128, 134. "Negligence is a fact for the plaintiff to prove by a preponderance of the evidence; a fact for the jury to find or not, without any presumption of law one way or the other." *Paine* v. *Railway*, 58 N. H. 611, 613; *Gahagan* v. *Railroad*, 70 N. H. 441, 444. "Where the evidence is equally consistent with the absence as with the existence of negligence in the defendant, the plaintiff cannot recover." *Foss* v. *Baker*, 62 N. H. 247, 250. But as the existence of negligence is usually an inference of fact to be drawn from the facts proved, it is not necessary that the evidence should be direct; the fact may be inferred from circumstances, as well as the equally essential fact of the plaintiff's care. *Murray* v. *Railroad*, 72 N. H. 32, 40. "Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care." *Scott* v. *London Docks Co.*, 3 H. &. C. 596; *Foss* v. *Baker*, 62 N. H. 247, 249.

The plaintiff, having traveled safely in one of the defendants' trains from Nashua to Concord, while the train was waiting at the latter station changed her seat to one then vacated by another passenger beside an open window. Shortly after the train started from Concord the sash of the window fell upon her arm, causing the injury complained of. Aside from the fact that the sash fell after the train had been in motion about five minutes, there was no evidence of any defect in the window or its appliances. An expert upon the adjustment of car windows, called by the plaintiff, assigned the fall of the sash to the fact that it was not put up far enough to engage the catch, or to a fault in the catch designed to support it when raised. In other words, the sash fell because the person who raised it left it insecurely fastened, or the fastening device was insufficient. In the one case the person opening the window may have been in fault; in the other, the defendants. The sash may have remained

up for a time because it bound in the casing, as the expert suggests, or because the catch only partially engaged (*Faulkner* v. *Railroad,* 187 Mass. 254), or because the person raising it attempted to secure it in some other way and failed.    In the absence of any defect in the window, sash, or fastening device, the only cause to which its fall could be ascribed is the act of the one who raised the sash and left it improperly secured.    It is not common knowledge that windows in ordinary passenger coaches are opened only by railroad employees, and it could not therefore be found without evidence that the defendants left the window in an unsafe condition.    It is not claimed that there was anything about the appearance of the open window which should have given notice to the trainmen of its insecurity.    The defendants cannot be charged with fault for the improper manner in which the window was left, because the evidence leaves it uncertain whether the act to which carelessness may be imputed was theirs or that of a stranger.    They cannot be charged upon the ground of a defective condition, because there is no evidence of any defect except the fall of the sash.    Neither can it be assumed, in the absence of some evidence of defective condition, that such a condition caused whoever opened it to leave it so that it might fall.    It is therefore unnecessary to attempt to determine the proximate cause of an injury under such circumstances.    If the evidence of the plaintiff's expert means that it is possible to construct a car window and its catch so that it is impossible for the sash to be left raised unless it is so securely supported that it cannot fall under any circumstances, the evidence does not furnish any ground upon which the mere fall of a window while the car was in use would authorize a conclusion that the defendants were negligent. There was no evidence that such perfection in installation was in ordinary use, or could be maintained even by the great care which the defendants were bound to observe in passenger transportation. *Taylor* v. *Railway,* 48 N. H. 304.

The plaintiff urges the absence of explanation by the defendants as a ground upon which defective construction could be inferred. The accident occurred May 16, 1908.    It does not appear that complaint was made to the trainmen at the time.    Nothing in the evidence shows the details of the claim brought to the attention of the railroad until the caption of the deposition of Mr. Ray, superintendent of the division, taken, as stated in argument by the plaintiff, October 27, 1908, by which it is said the car in which the defendant rode was identified by number as a Grand Trunk Railway

car. The writ charged that the accident occurred on May 9, the date being changed by amendment at the trial. Whether this fact was brought out at the caption does not appear. Whether the defendants after this lapse of time could have secured an inspection of the car, and whether such inspection would have furnished any light upon its condition five months before, the case leaves to speculation and conjecture. The difficulty with the case is the almost entire absence of evidence. The plaintiff rests upon the single fact of the fall of the window sash, and invokes the rule *res ipsa loquitur.* "There are decided cases to the effect that negligence may properly be inferred against common carriers from the mere happening of an accident; . . . but this is a doctrine altogether too broad to be sustained, and it has been expressly overruled in cases of high authority." *Paine* v. *Railway,* 58 N. H. 611, 613; 2 Shearm. & Red. Neg., *s.* 516.

The carrier does not insure the passenger against injury from any cause during transportation, and there is no implied contract of safe carriage. The plaintiff's right of action is based on negligence, and negligence must be shown to authorize a recovery. If the accident may have been due to other causes than the carrier's negligence, the fact of the accident does not authorize the inference of negligence; but if the thing causing the injury is entirely within the control of the defendant, and in the ordinary course no accident would result if due care were exercised, the happening of such an accident may authorize an inference of negligence. "The fact of an injury alone is not sufficient. It must be traced to the carrier. It must be shown to have proceeded from something under his control, or from some danger which, under the obligation of extraordinary care, it was his duty to anticipate and provide against." 3 Thomp. Com. Neg., *ss.* 2754–2762; *Scott* v. *London Docks Co., supra;* 4 Wig. Ev., *s.* 2509; 6 Cyc. 629. Upon this proposition the cases are now in entire accord. The inference of negligence arises, not from the fact of the injury, but from the circumstances under which it occurred. *Pennsylvania R. R.* v. *MacKinney,* 124 Pa. St. 462,— 2 L. R. A. 820; *Philadelphia etc. R. R.* v. *Anderson,* 72 Md. 519,—20 Am. St. Rep. 483, and note 490; *Barnowsky* v. *Helson,* 89 Mich. 523; *Western Trans. Co.* v. *Downer,* 11 Wall. 129, 134. If it had been shown that the defendants' servants opened the window, the sash of which subsequently fell, the question would have been presented whether from its subsequent fall negligence could have been found. Assuming that upon the authorities such

evidence would have made a case for the jury, none is here presented. The difficulty of the plaintiff's case is illustrated by two Massachusetts cases of injury to a passenger, in one of which the fall of a shade from an overhanging lamp was held to authorize a conclusion of negligence, while in the other the fall of a window did not. In the one case the thing causing the injury was exclusively under the defendants' control; in the other it was not. The two cases are *White* v. *Railroad,* 144 Mass. 404, and *Faulkner* v. *Railroad,* 187 Mass. 254.

The motions for a nonsuit and to direct a verdict should have been granted.

*Exceptions sustained: verdict and judgment for the defendants.*

All concurred.