Strafford, }
June 28, 1912. }

## CLARK, *Adm'r*, *v.* SHARPE.

In the ordinary contract of letting there is no warranty that the premises are safe or suitable for the uses intended.

A landlord is not liable to his tenant for an injury resulting from an unsuitable condition of the premises unless there is a warranty of fitness, or such a concealment of secret defects which caused the injury as to amount to fraud or deceit on the part of the lessor.

Evidence that a landlord was accustomed to examine leased premises for the purpose of determining whether repairs were necessary does not warrant the conclusion that he thereby discovered a concealed defect which was unknown to the tenant and is assigned as the cause of the latter's injury.

CASE, for negligence resulting in the death of the plaintiff's intestate. Trial by jury and verdict for the plaintiff. Transferred from the February term, 1912, of the superior court by *Plummer*, J.

June 16, 1910, the plaintiff's intestate, who was his infant daughter, was drowned in a privy vault upon the premises occupied by the plaintiff as tenant of the defendant (a woman seventy-six years old), which he hired of her May 1, 1910. At the conclusion of the evidence the defendant moved that a verdict be directed in her favor, on the ground that there was no evidence that she knew of the dangerous condition of the vault cover claimed to have caused the injury. The motion was denied, subject to exception.

*Pierce & Galloway* (*Mr. Pierce* orally), for the plaintiff.

*Kivel & Hughes* and *Robert Doe* (*Mr. Doe* orally), for the defendant.

PARSONS, C. J. The premises were in the possession of the plaintiff as tenant of the defendant. The right of his child, occupying by his permission, to recover of the owner for injuries received through defects in the premises, is no greater than his. In the ordinary contract of letting there is no warranty that the premises are reasonably safe or suitable for the uses intended; and in the absence of any warranty, or of deceit or fraud on the part of the landlord, the lessee takes the risk of the condition of the premises and cannot make the landlord responsible for injuries sustained by him during his occupancy by reason of defects therein. *Towne* v. *Thompson*, 68 N. H. 317. The landlord is not liable unless there is

such a concealment of defects not open to ordinary observation, which cause the injury, as to amount to fraud or deceit. *Cate* v. *Blodgett*, 70 N. H. 316; *Dustin* v. *Curtis*, 74 N. H. 266, 268.

To go to the jury, the plaintiff was required to offer evidence that the injury was due to a secret defect in the premises, concealed from ordinary observation, known to the defendant, and not disclosed to and unknown by the plaintiff. *Cowen* v. *Sunderland*, 145 Mass. 363. The sole question presented by the defendant's motion is whether there was evidence from which it could be found that she knew of the defect which caused the injury. The child lost her life, it could be found, because the cover of the vault tilted downward from lack of sufficient support when the child went upon it, thereby allowing the child to fall into the vault beneath. The question therefore is: did the defendant know of this trap?

There was evidence that the condition was caused by the rusting away of the hinges and the decay of a support intended to hold the cover at the rear. The plaintiff's evidence was that the condition was not discoverable by ordinary observation. The trap was not discovered until an attempt was made to lift the cover, when it tilted down cornerwise, returning to its ordinary position when released. There was no evidence that the defendant had attempted to raise the cover, or had seen it done. The defendant testified that she did not know of the condition. The only evidence claimed to support the verdict came from the defendant upon cross-examination, in which she admitted that she had been in the habit of examining the premises to see if repairs were needed. From this it is argued that, examining for that purpose, it is probable she noticed the hinges were rusted off; and noticing that, it is probable she made further examination and discovered the danger.

The question is not what the defendant ought to have done, or what she ought to have known, but what she did in fact do and know. There was no evidence that she had done what was necessary to learn the danger; and the conclusion that she knew what she could not know without such action is a mere surmise or guess, which is not the legal proof the law requires. There is no open, visible connection between the fact proved—that the defendant was accustomed to examine the premises to see if repairs were needed—and the conclusion that she discovered, and therefore knew, the secret danger causing the injury. These principles have been so often relied upon that it is sufficient to cite without discussing the recent cases in which they have been elaborated.

*Deschenes* v. *Railroad,* 69 N. H. 285, 290; *Carr* v. *Electric Co.,* 70 N. H. 308, 310; *Dame* v. *Car Works,* 71 N. H. 407; *Cohn* v. *Saidel,* 71 N. H. 558, 568, 569; *Reynolds* v. *Fibre Co.,* 73 N. H. 126, 131. The absence of all evidence that in making the examination of the premises the defendant made such an investigation as must have disclosed to her the condition of the cover cannot be supplied by guess or conjecture. *Wright* v. *Railroad,* 74 N. H. 128, 133; *Gibson* v. *Railroad,* 75. N. H. 342, 344. Especially must this be true when no inquiry was made of the defendant whether she had ever seen the cover tilt from an attempt to lift it or a weight placed on it, which the case discloses to have been the only means by which the secret defect could be discovered. The question is not as to the weight to be given to the defendant's denial of a fact the plaintiff was bound to prove, but merely whether any evidence was offered in the affirmative. The case discloses none, and the order is,

*Exception sustained: verdict for the defendant.*

All concurred.