Cheshire,  }
March 2, 1915. }

## EDWIN E. DINGMAN v. BYRON C. MERRILL.

In an action for negligence against an employer, it is incumbent upon the plaintiff
to show that the injuries of which he complains are attributable to the defend-
ant's fault; and he is not entitled to have the issue of negligence submitted to
the jury if any finding by them relative to the cause of the injury would be a
mere guess or conjecture.

CASE, for negligence. Trial by jury. Transferred from the
April term, 1914, of the superior court by *Kivel*, J., on the plaintiff's
exception to an order of nonsuit.

The plaintiff's evidence tended to prove the following facts:
September 24, 1912, the plaintiff was employed by the defendant to
assist in sawing soft slabs on a gasoline sawing machine. The next
day, while the plaintiff was engaged in taking away the slabs as they
were sawed, the arbor next to the saw flew out of the box and the
saw fell to the ground, striking the plaintiff's foot and severely cut-
ting it. The machine had run perfectly until the moment of the
accident. There was no evidence to show what caused the arbor
to leave the box. The machine was owned by one Willard, who was
operating it at the time of the accident and was sawing for the
defendant by the day or hour, the latter furnishing all necessary
help, which consisted of two men besides the plaintiff.

*Joseph Madden* (by brief and orally), for the plaintiff.

*Allen & Faulkner* (*Mr. Allen* orally), for the defendant.

PLUMMER, J. There is no evidence in this case to show that the
defendant was negligent. Previous to the accident the sawing
machine had been running perfectly. There is no evidence of any
defect or want of repair in the machine, or what caused the arbor
to fly from the box. It does not appear when the machine had
been inspected or repaired.

The accident might have been caused by a latent defect which
the defendant could not have discovered if an inspection had been
made. The carelessness of Willard in operating the machine might
have caused the accident. It might have happened by reason of a
defect which the defendant by due diligence could have discovered

and repaired.   Various other things could be suggested that would have produced the accident, for some of which the defendant might have been liable and for some of which he might not.   The burden of proof being upon the plaintiff to show that the defendant was negligent, he fails to present any evidence to sustain it.

If the case had been submitted to the jury, any finding by them relative to the real cause of the accident would have been a mere guess or conjecture.   "In this state the jury are not permitted to find material facts without evidence, or from mere conjecture as to the truth of one of two or more equally probable or possible theories having different legal results." *Reynolds* v. *Fibre Co.*, 73 N. H. 126; *Deschenes* v. *Railroad*, 69 N. H. 285; *Carr* v. *Electric Co.*, 70 N. H. 308; *Gahagan* v. *Railroad*, 70 N. H. 441; *Horan* v. *Byrnes*. 70 N. H. 531; *Dame* v. *Car Works*, 71 N. H. 407; *Boucher* v. *Railroad*, 76 N. H. 91.   The following language of the court in *Deschenes* v. *Railroad, supra,* is particularly pertinent to this case: "The facts proved are equally consistent with a theory of the accident which would discharge the defendants as with one that would charge them; and in the absence of some evidence as to the fact, a judicial trial does not substitute an unfounded guess or conjecture for the legal proof which the law requires."

"The law demands proof, and not mere surmises." *Bond* v. *Smith*, 113 N. Y. 378.

In *Patton* v. *Railway*, 179 U. S. 658, the court said: "Where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion."

*Moran* v. *Mulligan*, 110 N. Y. App. Div. 208, is a case very similar to the one at bar.   There the injury was caused by a knife flying from a molding machine.   The court states: "The defendant's obligation to him [the plaintiff] was to see to it that the machine was reasonably safe, and there is no proof that he did not perform his duty in this respect.   The fact that the bolt broke is not, in and of itself, sufficient evidence to sustain a finding of negligence that the defendant had not performed his duty.  .  .  .   Before negligence could be predicated upon the breaking of the bolt, plaintiff was bound to prove that it was defective or out of repair, and

that an inspection before it broke would have disclosed the defect and the same could have been remedied. . . . Here there is no such proof." In the above case there was evidence that the breaking of a bolt caused the knife to fly from the molding machine. Here the absence of evidence is still more pronounced, for there is nothing to show what caused the arbor to leave the box. The decision of this vital fact is left to the imagination.

The plaintiff invokes the doctrine of *res ipsa loquitur* in his behalf and cites cases in other jurisdictions to prove that it should be applied in this case. In the cited cases, however, there was some evidence showing what the defect or negligence was that caused the accident. The nonsuit was properly granted. The result makes it unnecessary to consider the other questions discussed.

<em>Exceptions overruled.</em>

All concurred.