Hillsborough,
April 4, 1916.

EDDIE M. CURRIER, *Adm'r,* *v.* BOSTON & MAINE RAILROAD.

CASE, for negligence, to recover for the death of the plaintiff's intestate, John E. Currier, a passenger upon the defendants' road.

At the close of the plaintiff's evidence the defendants' motions for a nonsuit and verdict were denied subject to exception. The case was thereupon submitted to a jury which failed to agree. The defendants' bill of exceptions was then allowed by *Chamberlin*, J., at the September term, 1914, of the superior court.

The plaintiff's evidence tended to show that the deceased went to the defendants' station in Boston, December 14, 1911, for the purpose of taking the five o'clock afternoon train for Nashua to visit a relative living on Chandler street in Nashua, which street is most conveniently reached from the Union station in that city. Currier was seen in the Boston station at the gate to the train shed shortly before five p. m. Train No. 117 leaves Boston at 5:01 p. m., stops only at Lowell until the railroad yard is reach in Nashua. The latter stop is made between two street crossings, Crown and Hollis streets. The train is then broken apart, the forward portion going northerly to Manchester but drawing into and stopping at the Nashua Union station. As soon as this portion of the train reaches the station, a south bound train, No. 68, draws out and passes the rear portion of 117 in the yard. An engine then backs down across the south bound track, couples onto the rear portion of 117 for the purpose of drawing it northwesterly to the Main street station in Nashua and to stations beyond, stopping however at what is called the Shelter, a part of the Nashua Union station. While the rear portion is standing in the yard, passengers have at times frequently alighted from the train at this point and workmen from the nearby shops have boarded the train to ride to the city. The usual course as to the management of the trains was pursued on this occasion but there was no evidence anyone got on or off the train at the stop in the yard or attempted to do so this evening. When the stop was made the brakeman left the train to protect the rear. This part consisted of a combination baggage and smoker and a passenger coach, and was left by the brakeman with the platform gates closed. At the time, it was dark and foggy. The rules required the brakemen immediately after leaving a station to announce the name of the next station. In some

cases in practice the word, stop, was used instead of station; the brakemen are also required to announce the names of stations just before reaching them and, in case a stop is made other than at a station and passengers prepare to alight, to notify them that it is not a station stop. There was no evidence of anything which was said in any part of the train after leaving Lowell; and the brakeman of the rear section testified he made no announcement. After the rear of the train had gone toward Nashua city the deceased was found lying upon the frog connecting the main north bound track with the track leading northwesterly to Nashua. The brakeman and another witness standing upon the rear platform of the train saw him lying upon the track just after the train passed over him. When reached, he appeared dazed, inquired what had happened, if he had been in a train wreck, and, later that evening in the hospital, said he came from Boston on the five o'clock train.

Doyle & Lucier (Mr. Lucier orally), for the plaintiff.

Charles J. Hamblett, and Marshall D. Cobleigh (Mr. Cobleigh orally), for the defendants.

PARSONS, C. J. The plaintiff's position is that the deceased, John E. Currier, was a passenger on the train from Boston; that, when the stop was made in the yard to break the train in two, he understood his destination was reached and left the train in the yard, and was there run over, and that the defendants' negligence consisted in their failure to take sufficient precautions to prevent passengers innocently making this mistake. Assuming that upon proof of these facts the plaintiff would be entitled to recover, his case was erroneously submitted to the jury because of lack of proof. That the deceased was a passenger from Boston on the five p. m. train on the day of his injury, and that he was run over in the Nashua yard and received injuries which caused his death was in proof. But there was no evidence how the deceased, a passenger upon some portion of the train from Boston, came to be upon the tracks in the Nashua yard so as to be run over by the rear section of the train. The plaintiff assumes the deceased rode in the Nashua end but the only fact proved is that in some way he was transported to Nashua. Having assumed Currier was in one of the Nashua cars when the train stopped, the next assumption is that because sometimes local passengers left the car at this point some did on this occasion, that

Currier although no station was announced saw passengers alighting and was led to believe he had arrived at his destination, Nashua; that these passengers opened the gates left closed by the brakeman, and hence Currier had no warning it was not intended passengers should here depart from the train, and that finding himself in the yard instead of at the station, Currier was run over while endeavoring to reach the station.    But if all this could be found without evidence, Currier was not killed as he stepped from the car but in some way got himself beyond the front end of the cars.

If he was not guilty of negligence in failing to remain in the car until the station was announced (*Moses* v. *Railroad*, 76 N. H. 570) he knew as soon as he reached the ground that the stop was not a station stop and he could not be found in the exercise of care while wandering recklessly among and over the tracks of a railroad yard with which he was unfamiliar, without evidence of a reason for such course.    Various explanations may be offered and surmises suggested to account for Currier's conduct but they all rest in conjecture and not upon evidence.    It is too well settled to require the citation of authority that the law does not transfer the defendants' property to the plaintiff without proof that the defendants' fault did, while the injured party's did not, cause the injury.

The case discloses no open and visible connection between the defendants' alleged fault and the injury, and there is no proof of circumstances from which the injured party's freedom from fault can be found.    Mere conjecture cannot be substituted for proof.

*Exceptions sustained: verdict and judgment for the defendants.*

All concurred.