Coös,
April 4, 1916.

### CITY BOWLING ALLEYS *v.* BERLIN.

A verdict cannot be founded upon guess or conjecture.

The fact that upon a view a jury saw many drains and sewers entering a river does not without other evidence warrant a finding either as to how much they discharged at high water or whether the water from them would materially increase the flow of the river.

CASE, for negligence. Trial by jury and verdict for the plaintiffs. A view was taken by the jury.

The original declaration alleged in substance, that the plaintiffs were the owners of certain bowling alleys in a basement in Berlin, in the rear of which was a stream of water known as Dead river, which had long flowed past the premises without causing injury, that the defendants negligently increased the volume of water by constructing and maintaining a large number of drains and sewers by which large quantities of water have been turned into the stream so as to cause its overflow, whereby on the tenth day of March, 1913, the stream overflowed onto the plaintiffs' premises causing damage to their property.

An amendment of the declaration was filed alleging obstructive bridges. Motions for a nonsuit and for a directed verdict relating to both counts were filed but were withdrawn as to the amended declaration.

The motions relating to the original declaration were denied and the defendants excepted.

Transferred from the September term, 1914, of the superior court by *Kivel,* J.

*M. J. Ryan, J. F. Libby, Drew, Shurtleff, Morris & Oakes (Mr. Morris* orally), for the plaintiffs.

*H. I. Goss, Sullivan & Daley (Mr. Goss* orally), for the defendants.

PLUMMER, J. To maintain an action upon this declaration, the plaintiffs were required to prove that the volume of water in Dead river was materially increased by the water flowing into it from drains and sewers. There is no claim that the plaintiffs were damaged by sewage flowing onto their premises. Their action upon this allegation rests solely upon the increase in the amount of water flowing in Dead river, occasioned by the discharge from drains and sewers. The defendants contend that there was no evidence in the case that would warrant the jury in finding that the volume of water in Dead river had been increased as the plaintiffs allege.

From the city records and from various witnesses it appeared that many drains and sewers enter Dead river. But the evidence as to whether the water running into the river from them would raise the height of the water at a time of high water or materially increase the volume of the water is very meager. George L. Freeman, a witness for the plaintiffs, testified that he did not think that the amount of sewage that he had been able to find entering Dead river would materially raise the height of the water in the river at a time of high water. He did not testify what effect the water running into the river from the drains and sewers would have upon the flow of the river. Leslie J. Wertheim, the city engineer, testified that he did not believe that the combined sewage and surface water running into Dead river from the drains and sewers would materially affect the amount of flow in the river.

This is all the testimony there is in the case relating to the increase of the volume of water in Dead river by reason of the influx of water from drains and sewers. So far as it goes, it negatives rather than sustains the contention of the plaintiffs as set forth in their declaration. The plaintiffs urge that the view taken by the jury might have furnished sufficient evidence upon which they could find that the volume of water in the river was materially increased by the water from drains and sewers. In some cases a view might disclose evidence that would warrant a jury in finding a verdict. This case, however, does not seem to be of that character. The jury undoubtedly saw many drains and sewers entering Dead river; but how much water they discharged at a time of high water, the view taken at the trial would not inform them. Neither could they tell from the view whether the water from the drains and sewers would materially increase the volume of water flowing in the river. They might guess that it would, but a verdict cannot be founded upon guesses or conjectures. *Deschenes* v. *Railroad*, 69

N. H. 285; *Dame* v. *Car Works,* 71 N. H. 407, 408; *Reynolds* v. *Fibre Co.,* 73 N. H. 126, 131.

The plaintiffs failed to furnish any evidence upon which the jury were warranted in finding a verdict, and the defendants' motions for a nonsuit and a directed verdict on the original declaration should have been granted.

There were exceptions by the defendants to evidence and to the charge, but the result makes it unnecessary to consider them.

*Exceptions sustained: verdict set aside.*

All concurred.