Rockingham, }
March 5, 1918. }

HATTIE T. VAUGHAN, *Adm'x, v.* BOSTON & MAINE RAILROAD.

CASE, to recover for negligently causing the death of the plain-
tiff's intestate, Henry Thompson, at Rockingham Junction, on
December 12, 1914. Trial by jury. At the close of the plaintiff's
evidence, the defendants' motion for a nonsuit was granted subject
to the plaintiff's exception. Transferred from the May term, 1917,
of the superior court, by *Sawyer*, J.

*Sleeper, Brown & Frizzell* (*Mr. Sleeper* orally), for the plaintiff.

*Albert R. Hatch* and *Hughes & Doe* (*Mr. Doe* orally), for the
defendants.

PLUMMER, J. The plaintiff's intestate, Henry Thompson, went
from his home in Newfields to Newmarket by train on the evening
of December 12, 1914. He was run over and killed on the east
bound track of the defendants' railroad, main line, at Rockingham
Junction, some time during that night. His remains, which were
found on the track on the morning of the thirteenth, indicated that
a train had passed over his body more than once. The plaintiff's
evidence tended to prove that Thompson was at the Newmarket
station, on the evening of December 12, 1914, at about 10:30 o'clock,
in an intoxicated condition; that a special train running between
Dover and Exeter that night came into the Newmarket station at
that time; and that Thompson got onto the platform of a car. No
one saw him on the train, although several people who knew him
were on the train including his son who was expecting him to get on at
Newmarket, and looked out to see if he could see him. There was
no evidence that disclosed Thompson's movements after he was
seen at Newmarket. The circumstances that surround his death
are unknown.

The burden was upon the plaintiff to prove that the defendants'
negligence caused the intestate's death, and that the intestate was
free from fault. The evidence did not furnish proof from which
the jury could find either of these fundamental requirements, and
therefore the nonsuit was properly ordered. A verdict found for the
plaintiff in this case would necessarily be based upon surmises and
conjectures, instead of legal evidence such as the law demands

*Dingman* v. *Merrill,* 77 N. H. 485; *Reynolds* v. *Company,* 73 N. H. 126; *Dame* v. *Car Works,* 71 N. H. 407; *Deschenes* v. *Railroad,* 69 N. H. 285. The present case is very similar to *Currier* v. *Railroad, ante,* 586.

*Exception overruled.*

All concurred.