Sullivan,   }
April 1, 1919. }

### FAYETTE B. KINGSBURY *v.* BOSTON & MAINE RAILROAD.

If one of the issues in a case has been erroneously submitted to the jury, there is
no presumption that a general verdict in the plaintiff's favor was not returned
on such issue, and such verdict will be set aside.

The fact that an electric warning-bell at a railroad grade crossing did not ring
immediately prior to a collision with the automobile of the plaintiff, a highway
traveler, is insufficient to warrant a verdict against the railroad in the absence
of evidence of its negligence.

CASE, for negligence resulting in personal injury to the plaintiff. Verdict for the plaintiff. Transferred by *Branch*, J., from the May term, 1918, of the superior court. The declaration contained several counts, one of which alleged that the defendant was negligent in its maintenance of an electric bell system at the highway crossing where the plaintiff was injured while attempting to pass over the crossing in an automobile which collided with a south-bound train. Upon approaching the crossing, the plaintiff heard the bell ring when a north-bound train passed the crossing, and thereupon stopped the automobile. When, as he testified, the bell stopped ringing he drove toward the crossing, when a south-bound train came along and collided with his automobile, causing the injury complained of. He also claimed that the bell did not ring for the south-bound train. The court submitted the questions whether the bell rang and, if it did not, whether its failure was due to the negligence of the railroad; and the defendant excepted.

*Hurd & Kinney* (*Mr. Kinney* orally), for the plaintiff.

*Hosea W. Parker* and *Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendant.

WALKER, J. The burden was upon the plaintiff under the second count to show, by a preponderance of the evidence, that the warning-bell did not ring when the south-bound train passed the crossing, and that its failure to ring was due to the negligence of the defendant. If it is assumed in accordance with the testimony of the plaintiff and his brother that it did not ring, there is no evidence that its failure in this respect was due to the defendant's negligence. It appears from

the plaintiff's testimony that it did ring a short time before, upon the approach of the north-bound train. At that time the system was in perfect working order, and the defendant was not notified that it was defective in any respect. Nor does it appear that it had failed to properly inspect the apparatus, or that in the exercise of ordinary care it could have done anything more than it did do to ensure the ringing of the bell when trains were approaching. Moreover, it seems to be conceded that the bell rang immediately after the accident, when the south-bound train backed up over the crossing. But whether this is conceded or not, the evidence against that conclusion (*i.e.*, the testimony of the plaintiff that he did not hear it ring) is so fully counterbalanced by the testimony of witnesses for the defendant that it did ring as not to be entitled to any effective weight. At most the plaintiff's testimony is merely a scintilla of evidence, which is insufficient to base a finding upon as against the positive evidence to the contrary. *Ingerson* v. *Railway, ante,* 154. What happened to the mechanism of the system that caused the bell circuit to be open and to give no danger signal when the collision occurred, and to be closed immediately afterwards and to give the signal, cannot be said to be due to any cause for which the defendant is responsible. The mere fact that the bell did not ring, if it is a fact, does not authorize the inference that its failure to do so was due to the defendant's negligence, since it is apparent it may have been due to some cause for which the defendant was not responsible. *Boucher* v. *Railroad,* 76 N. H. 91. The question of the defendant's negligence upon this count was improperly submitted to the jury for want of evidence.

In the plaintiff's brief, in order to demonstrate that the verdict was not based upon this count of the declaration but upon another count covered by the charge to which no exception was taken, it is said that "there is the overwhelming testimony of the defendant's witnesses who say that the bell rang when the train was backed up after the accident, the testimony of the employees of the railroad who say that, on examination, the bell was found to be in perfect working order, the testimony of their experts, who say that, under these conditions, the bell must ring — so that, we submit that there was very small probability that the jury could find that this bell did not ring." It seems to be conceded not only that the bell rang when the north-bound train passed, but that it also rang very soon afterward when the south-bound train, which had gone over the crossing, backed onto the crossing, and that the conclusion follows that it rang

when the latter train first went over the crossing and collided with the plaintiff's automobile. This would seem to be a practical admission that the testimony of the defendant's witnesses in regard to this subject was correct, that the bell did ring at the time of the accident, and consequently that there was no sufficient evidence to support the charge. But it does not follow as claimed, that the jury did not pass upon the issue of the ringing of the bell and base their verdict upon that finding. As it was submitted to them by the court they were at liberty to return a verdict upon it; and there is no evidence or presumption that they did not. Without any substantial evidence to support it according to the plaintiff's views of the evidence, the verdict may have been the result of mere conjecture, that the bell for some unexplainable reason did not ring and that this fact proves the defendant's negligence. Jurors sometimes return verdicts in the absence of legal evidence. *Reynolds* v. *Company*, 73 N. H. 126.

*Exception sustained: verdict set aside.*

PLUMMER, J., was absent; the others concurred.