Hillsborough, }
Nov. 3, 1920. }

CLARA NADEAU, *Adm'x, v.* L. LIZZIE STEVENS.

Where no evidence is introduced tending to prove the hypothetical facts upon which opinion evidence is based, such evidence should be excluded.

A mere conjecture as to the cause of an occurrence by one who has no definite knowledge or positive opinion upon the subject is inadmissible.

A verdict must be founded upon substantial evidence and not merely upon surmise or conjecture.

ACTION, under the employers' liability statute, for negligently causing the death of the plaintiff's intestate. Trial by jury and verdict for the plaintiff. The defendant was subject to the employers' liability act, but had not accepted its provisions.

The plaintiff's intestate was working for the defendant, who was engaged in building a retaining wall for the Nashua Manufacturing company on the bank of a river.

At the time of the accident, the plaintiff and one Bonenfant were lowering a stone with a derrick, when suddenly the gear wheels of the derrick broke, and pieces of them struck the plaintiff's intestate and Bonenfant, and killed them. In lowering the stone, Bonenfant held and controlled a rope which was wound around the arbor of the derrick two or three times and was known as the braking rope. As the stone was let down he gradually loosened the rope, and the friction prevented it from going down too fast. The intestate had a plank which he pressed against the gears of the derrick to steady the stone as it was lowered. The defendant excepted to the introduction of certain evidence, and to the denial of her motions for a nonsuit and for a directed verdict. The evidence appears in the opinion.

Transferred from the January term, 1920, of the superior court by *Allen,* J.

*Albert Terrien* and *Doyle & Doyle* (*Mr. Terrien* orally), for the plaintiff.

*Ivory C. Eaton* (by brief and orally), for the defendant.

PLUMMER, J.   No one now living saw the accident or knows how it occurred.   The plaintiff admitted that she had no evidence of a defect in the derrick as a cause of the accident.   She tried her case upon the theory that Bonenfant must have caused the accident by negligently tightening the braking rope of the derrick too quickly when lowering the stone, thereby causing the gear wheels of the derrick to break.   To sustain this position she introduced subject to exception the evidence of two expert witnesses.   One testified that if Bonenfant tightened the braking rope too quickly when letting down the stone, it would be liable to break the gear wheels.   The other witness stated in substance that if he lowered the stone fast for twenty to twenty-five feet, and then tightened the braking rope, and a stick was used to help out the rope, something would break. There was no evidence in the case relating to the action of Bonenfant in lowering the stone, or to show that the stone was going down fast or that he tightened the braking rope quickly.   And these facts upon which the opinions were based not having been proved, the evidence should have been excluded.   *Parent* v. *Company*, 70 N. H. 199.

The foreman in charge of the derrick, being asked by the plaintiff what caused the gear wheels to break, said: "It is hard to tell what makes them sometimes break.   It is hard to tell what did start it, but I thought because they started to block it too tight."   This evidence was admitted without exception.   And it is all the evidence there is in the case as to the cause of the accident save that which was excepted to, and should have been excluded.

It is apparent that this evidence was not sufficient to warrant the finding of a verdict for the plaintiff upon the ground that Bonenfant negligently tightened the braking rope.   The character of the statement shows that the witness had no definite knowledge or positive opinion as to what caused the gear wheels to break.   It was simply a conjecture by one who did not see the accident, and had no means of knowing how it occurred.   Furthermore his statement that he thought the derrick broke because they started to block it too tight, indicates that he then thought that the plaintiff's intestate was as culpable for the accident as Bonenfant, although he afterwards stated

that he did not think that the use of the plank by the intestate to steady the stone would have anything to do with the strain upon the derrick. Even if it were conceded that the jury could conclude from this evidence that Bonenfant tightened the braking rope, and caused the casualty, they must also have found that he was negligent in so doing in order to render a verdict for the plaintiff.

There is no testimony that warrants such a conclusion. The circumstances surrounding the accident and the conduct of the men, when it happened, are unknown. It may be that the situation in which Bonenfant was placed, if known, would demonstrate that he was not negligent in doing what he did.

The plaintiff's case fails because she was unable at the trial to produce any substantial evidence to prove that the defendant's negligence caused the death of her intestate.

The breaking of the derrick might have been an accident for which no one was responsible. It might have been caused by Bonenfant while he was in the exercise of due care, or he might have acted negligently.

Some act of the intestate might have contributed to cause the accident. But the conclusion by the jury that the negligence of Bonenfant caused it, must have been a matter of speculation.

The law does not permit the jury to find a verdict upon surmises and conjectures, but it must be founded upon some substantial evidence. *Vaughan* v. *Railroad*, 78 N. H. 615; *Currier* v. *Railroad*, 78 N. H. 586; *Dingman* v. *Merrill*, 77 N. H. 485; *Boucher* v. *Railroad*, 76 N. H. 91; *Reynolds* v. *Company*, 73 N. H. 126; *Dame* v. *Company*, 71 N. H. 407; *Carr* v. *Company*, 70 N. H. 308; *Gahagan* v. *Railroad*, 70 N. H. 441; *Deschenes* v. *Railroad*, 69 N. H. 285.

*Exceptions sustained: verdict set aside: judgment for the defendant.*

WALKER, J., was absent: the others concurred.