Hillsborough, }
Dec. 7, 1920. }

CHARLES GOY, *by his next friend* RALPH GOY *v.*
THE DIRECTOR GENERAL OF RAILROADS.

In case for negligence, if there is no evidence that reasonable precaution by the defendant would have disclosed the plaintiff's presence in season to have averted the injury, his case fails for lack of proof that such alleged fault caused or contributed to his injury.

A finding upon the *voir dire* that a child of seven is incompetent to testify is conclusive, if supported by evidence; and a finding of incompetency is unexceptionable if based upon evidence of the lack of moral responsibility, though mental capacity is found to exist.

CASE, for negligence. Trial by jury. At the close of the plaintiff's evidence a nonsuit was ordered, subject to exception.

The accident happened in the yard of the Boston & Maine Railroad, near Temple street, Nashua. At this place there are three parallel tracks which are used for storing and shifting cars. The locality was commonly used by boys as a playground. The acci-

dent happened about seven o'clock, standard time, on the evening of April 30, 1918. The plaintiff was then six years old and was accompanied by another boy, Charles Allison, who was seven. No testimony of any eye witness to the accident was introduced; but upon cross-examination of the plaintiff's father he was permitted to state what the boys had told him about it. From these statements it appeared that the boys entered at Temple street, crossed all three tracks, picked up some numbered slips of paper and started back. The Allison boy was ahead, and a car struck the plaintiff as he was crossing the last track, knocked him down and ran over his foot. He did not see the car before it struck him.

There were several box cars standing on each of the other two tracks, near the place of accident, but there was no evidence as to their exact location. In shifting cars in and out of these sidings the railroad employees either ride the cars or go alongside on foot. None of the crew at work there that night knew of the accident until told of it some hours later.

The plaintiff offered himself and the Allison boy as witnesses. Both were found to be incompetent and their testimony was excluded, subject to exception. In excluding the Allison boy the court said: "He is a bright boy, no doubt about that, but I feel that I should not allow him to testify. Here the rights of parties are to be considered, and this is different from a life and death case. If it were a murder case, I might feel a little different, but as to property rights, injury to person, not involving life or life imprisonment, or something of that kind, I feel different. I am constrained to rule that way. I find that he is not competent, and I exclude his testimony as a matter of discretion."

Later in the trial the plaintiff renewed his offer as to the Allison boy, and the court said: "The decision arrived at in open court yesterday was based upon all of the answers of the child, and particularly it was based upon his answer to me where he undertook to state that he would be punished by God, I think he said, if he told a lie; that answer was really what controlled me in refusing to allow you to put the boy on the stand."

Transferred from the January term, 1920, of the superior court by *Kivel*, C. J.

*Osgood & Osgood* (*Mr. Anson G. Osgood* orally), for the plaintiff.

*Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendant.

PEASLEE, J. The plaintiff offered himself and the Allison boy as witnesses. They were six and seven years old respectively at the time of the accident, which occurred some less than two years before the trial. They were both examined at length upon the *voir dire*, were found not competent and were rejected by the court, subject to the plaintiff's exception. The issue was one of fact and the finding of the presiding justice is conclusive if there was evidence to support it. *State v. Tetrault*, 78 N. H. 14, 15, and cases cited.

It is admitted that there was evidence to sustain the conclusion reached, but it is argued here that the statements made by the presiding justice show that he in substance found the Allison boy to be qualified, or that an improper test was applied. When the ruling of exclusion was first made the court said: "If it were a murder case, I might feel a little different." Upon a subsequent offer he said that he meant a case where the witness was the respondent. There is nothing in this to show that the law was misapplied. Whether a more favorable rule could rightly be invoked in the supposed case is immaterial here. It was stated in terms that each witness was found to be incompetent. Upon this finding it was the duty of the court to exclude their testimony.

It is further argued that because the presiding justice stated that Allison was "a bright boy," it follows that possession of such qualities as made him a competent witness was shown; and that in view of this finding it was error to also find the witness not competent. But in addition to "capacity to *understand* questions put, and to frame and express intelligent answers," there must also "be a sense of *moral responsibility*, a consciousness of the duty to speak the truth." Wig. Ev., s. 506. The remark that the general finding of incompetency was particularly based "upon his answer to me where he undertook to state that he would be punished by God," indicates that while mental capacity was found to exist, the court was convinced that the boy had no sense of moral responsibility. The record discloses no error in the exclusion of evidence, and the exception to the order of nonsuit must be disposed of upon the evidence which was admitted at the trial.

In order for the plaintiff to recover he must show that the alleged breach of duty towards him had some part in causing the accident. Assuming that upon the evidence it could be found that the defendant was in fault in not maintaining a lookout upon the rear of the car that was being moved up this track, there is no evidence that if one had been maintained it would or could have prevented

the accident. The plaintiff's presence was transitory. He was injured while crossing the last of three adjacent tracks, and the other two were more or less occupied by cars. Whether the plaintiff was in view of one upon the approaching car for any appreciable space of time, or whether he stepped upon this track from behind cars on the other tracks, is not disclosed by the evidence. One situation is as likely to have existed as the other. It is not a question of deciding upon conflicting evidence. There is an entire absence of evidence. In such a situation there is nothing for the jury to pass upon. *Boucher* v. *Railroad*, 76 N. H. 91, and cases cited.

All that was required of the defendant in any event was to use reasonable precaution. *Nappi* v. *Railway*, 78 N. H. 261. As there is no evidence that such conduct would have disclosed the plaintiff's presence in season to avert the accident, his case fails for lack of proof that the defendant's alleged fault caused or contributed to his injury. *Currier* v. *Railroad*, 78 N. H. 586; *Dingman* v. *Merrill*, 77 N. H. 485.

*Exceptions overruled.*

All concurred.